In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00508-CR


 _____________________



TAVAN JAMAL BOWMAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 07-00986







MEMORANDUM OPINION


 Tavan Jamal Bowman (1) pled guilty to aggravated sexual assault of a child and was
placed on deferred adjudication community supervision. The State filed a motion to revoke
on the ground that Bowman failed to comply with sex offender registration requirements. 
After an evidentiary hearing, the trial court found Bowman violated his unadjudicated
community supervision, granted the motion to revoke, adjudicated Bowman guilty of the
offense, and sentenced him to twenty-five years in prison. Bowman appealed.

 In a single appellate issue, Bowman argues the trial court erred in "revoking [his]
deferred adjudication[.]" (2) He asserts the evidence is insufficient to prove he violated the
community supervision order by failing to report a change of address. See Tex. Code Crim.
Proc. Ann. art. 62.055 (Vernon 2006).

 In a revocation proceeding, the State must prove the defendant violated the terms and
conditions of community supervision. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993) (citing Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984)); Antwine
v. State, 268 S.W.3d 634, 636 (Tex. App.--Eastland 2008, pet. ref'd). The State's burden of
proof is by a preponderance of the evidence. Rickels v. State, 202 S.W.3d 759, 763 (Tex.
Crim. App. 2006) (citing Cardona, 665 S.W.2d at 493). A preponderance of the evidence
is the greater weight of the credible evidence which would create a reasonable belief that the
defendant has violated a condition of the community supervision. Id. at 763-64 (citing
Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). We review an order
revoking community supervision under an abuse of discretion standard. Id. at 763 (citing
Cardona, 665 S.W.2d at 493). 

 The State presented two witnesses. Jodee Roach, Bowman's probation officer,
testified that aggravated sexual assault of a child is an offense reportable under the Sex
Offender Registration Program. See Tex. Code Crim. Proc. Ann. art. 62.001(5)(A)
(Vernon Supp. 2008). The terms of Bowman's community supervision order required him
to "[r]egister with the Sex Offender Tracking Program through the local law enforcement
agency in accordance with Chapter 62, CCP[,]" and to "[i]mmediately report. . . any change
of address[.]" Roach indicated she explained to Bowman the requirements for registration,
including reporting an address change. When a sex offender moves, Roach testified, he is
to notify the local law enforcement agency at least seven days prior to the move; once he
moves he has seven days to report the move. (3) See Tex. Code Crim. Proc. Ann. art. 
62.055(a) (Vernon 2006). 

 Roach stated that, as of July 18, 2008, she understood Bowman was living at 3905
Bristol in Beaumont, Texas, the last address he had given her. She testified she spoke with
his grandmother at that address. The grandmother indicated Bowman was not living there
anymore, but instead had been living for the last two weeks at 4445 Woodcrest. Roach spoke
with Bowman on July 21. She testified, "He told me he was living at the address with his
grandma on Woodcrest because there were minor children at the address on Bristol." Roach
stated she told him to contact Detective Barton as soon as possible to update his address. 
Roach indicated that, as of July 28, Bowman still had not updated his address, and even as
late as August 11, Bowman "confirmed" to her he was living at the Woodcrest address.

 Sheila Barton, a "crime tech handling sex offender registration," testified Bowman
had initially registered in February and showed an address of 3905 Bristol. On July 17, he
registered and changed his phone number; he never reported a change of address to her
during July or the early part of August.

 Three witnesses testified for the defense. Wilma Bowman, the grandmother who lived
on Woodcrest, explained Bowman spent four or five days at her house from approximately
July 18 through August 11. She indicated the other grandmother on Bristol was away on a
trip. Wilma Bowman testified her husband had prostate cancer and her grandson, appellant
Tavan Bowman, came over a few nights to help her with her husband. She also indicated
there were no "kids" at the Bristol address. One of the requirements of the community
supervision order was that Bowman was not to have any contact with children younger than
eighteen.

 Wilma Bowman testified Tavan had not moved to the Woodcrest address. "[Tavan]
never really changed addresses. He never really stayed with me"; he was simply back and
forth on a temporary basis as was needed. "He spent the night about four days -- four to five
days when my granddaughter stayed with her mother." She testified Roach had to be lying
because Tavan Bowman did not live on Woodcrest. 

 Aletra Bowman, Tavan's mother, testified her son was living at 3905 Bristol Drive
during the period from July 17 to August 11. Aletra visited with him on Bristol during this
period. She indicated there were no children at 3905 Bristol. She also testified he was at
times over at Woodcrest.

 Tavan Bowman testified he did not live on Woodcrest. He explained that his
grandmother on Woodcrest asked him to help out. He denied telling the probation officer
he was living on Woodcrest because of minor children on Bristol. He testified, "I told her
that I go over there periods of time for -- to visit . . . . But no staying, no, nothing else." 
Bowman testified he explained to the probation officer "that there is no address change, . .
. I told her numerous times. Every time I reported, there wasn't no address change. So, I did
not have to go get an address change." There was, Bowman explained, a
"misunderstanding."

 Bowman relies on definitions of residence and domicile from Black's Law Dictionary.
He states that residence is a "factual place of abode. Living in a particular locality." He
states that domicile is "[t]hat place where a man has his true, fixed, and permanent name and
principal establishment, and to which whenever he is absent he has the intention of
returning." Essentially, Bowman argues he was merely visiting the grandmother on
Woodcrest and was not required to notify his probation officer of a change of address.

 The evidence is conflicting. The trial court was free to believe the testimony of Jodee
Roach, the probation officer, and Detective Barton, the sex offender registration officer, and
to reject the testimony of Bowman, his mother, and his grandmother. See Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court reasonably could have found
by a preponderance of the evidence that Bowman was no longer living at the Bristol address
and that he violated a term of his community supervision order by failing to notify his
probation officer of a change of address. 

 We overrule Bowman's sole issue and affirm the trial court's judgment. 

 AFFIRMED.

 

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on April 30, 2009

Opinion Delivered May 13, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. Appellant's first name is spelled "Taven" in some court records.
2. The Legislature amended article 42.12, section 5(b) of the Code of Criminal
Procedure during the 2007 legislative session to allow appeals from the decision to
adjudicate guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008). 
The amended statute took effect on June 15, 2007, and applies to this case.
3. Alternatively, the notification the defendant must make after his move to the new
address may be "the first date the applicable local law enforcement authority by policy allows
the person to report[.]" Tex. Code Crim. Proc. Ann. art. 62.055(a) (Vernon 2006).