NUMBER 13-09-00215-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ENCARNACION DEANTES, III, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court 

of San Patricio County, Texas.

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellant Encarnacion Deantes, III complains of the revocation of his community
supervision, upon which he was sentenced to ten years' incarceration. By four issues,
Deantes argues that: (1) insufficient evidence supported his revocation; (2) the trial court
abused its discretion when it imposed a ten-year sentence of incarceration rather than
sending Deantes to relapse treatment; (3) "misinformation" provided by the prosecutor and
relied upon by the trial court violated his due process rights; and (4) his sentence was
grossly disproportionate to the offense and therefore violated the Eighth Amendment's
prohibition against cruel and unusual punishment. We affirm.

I. Background (1)

 On February 20, 2002, Deantes was convicted by a jury of intoxication
manslaughter, a second-degree felony for which the sentencing range is two to twenty
years' imprisonment. See Tex. Penal Code Ann. §§ 49.08(a)-(b), 12.33(a) (Vernon Supp.
2009). The jury assessed punishment at ten years' confinement in the Institutional Division
of the Texas Department of Criminal Justice (ID-TDCJ) but recommended that Deantes's
sentence be probated. On March 22, 2002, the trial court placed Deantes on community
supervision for ten years. Among the other standard conditions of his community
supervision, such as regular meetings with his probation officer, Deantes was ordered to
confinement and treatment in a substance abuse felony punishment facility. 

 On April 23, 2007, the State filed a motion to revoke Deantes's community
supervision, but upon further motion by the State, that revocation proceeding was
dismissed on August 3, 3007. (2) Deantes's conditions of community supervision were then
amended and he was ordered to further confinement in a substance abuse treatment
facility for relapse treatment. (3)

 On August 29, 2008, the State filed a second motion to revoke, alleging that
Deantes violated the conditions of his probation by intentionally and knowingly failing to 
(1) report to his probation officer, (2) submit to required random urinalyses, (3) attend
Alcoholics Anonymous (AA) and/or Narcotics Anonymous (NA) meetings, and (4) pay his
statutory supervisory fee. At a hearing on the State's motion on March 27, 2009, the trial
court accepted Deantes's stipulation to the State's allegations as evidence. Deantes also
stipulated to the pre-sentence investigation report introduced by the State. (4) At the hearing,
Deantes stated that he had no objection to the introduction and admission of either
stipulation. The State's allegations were supported by the affidavit of Sharon Sanchez,
who attested that Deantes had violated the conditions of his community supervision by
failing to report to his probation officer at the required times, submit to random urinalysis,
attend AA and/or NA meetings, and pay his statutory supervisory fee. 

 Deantes pleaded "true" to all violations alleged by the State, and the trial court found
Deantes had committed all violations. The trial court then ordered the prior punishment
assessed by the jury before Deantes was placed on community supervision--ten years'
confinement in the ID-TDCJ--to be given full force and effect.

II. Discussion

A. Sufficiency of the Evidence

 By his first issue, Deantes argues that the State's evidence was insufficient to
support the trial court's finding that he violated the conditions of his community supervision. 
In support of this issue, Deantes contends that the State's allegations "were minor or
technical violations" and that the State's only evidence was a "judicial confession induced
by a promise for treatment, which the State did not recommend on disposition" and which
therefore rendered Deantes's plea involuntary. 

 We review a trial court's order revoking community supervision for an abuse of
discretion. Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The State bears the burden of
showing by a preponderance of the evidence that the defendant committed a violation of
his community supervision conditions. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993). If the State does not meet its burden of proof, the trial court abuses its
discretion in revoking the community supervision. Cardona, 665 S.W.2d 493-94.

 Proof by a preponderance of the evidence of any one of the alleged violations of the
community-supervision conditions is sufficient to support a revocation order. Antwine v.
State, 268 S.W.3d 634, 636 (Tex. App.-Eastland 2008, pet. ref'd) (citations omitted). In
fact, a plea of true, standing alone, supports the revocation of community supervision. See
Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one
allegation is sufficient to support revocation of probation); see also Grover v. State, No.
13-09-00102-CR, 2009 WL 3247843, at *1 (Tex. App.-Corpus Christi July 2, 2009, pet.
ref'd) (mem. op., not designated for publication).

 Here, Deantes stipulated to the evidence offered by the State in support of its
motion to revoke, which included an affidavit attesting that Deantes had committed four
violations of his community supervision conditions. See Antwine, 268 S.W.3d at 636. 
Moreover, Deantes pleaded "true" to all violations alleged by the State. See Cole, 578
S.W.2d at 128. Although Deantes contends that his plea was involuntary, he points the
Court to no evidence or other indication in the record substantiating his bare assertion that
the State promised to recommend further substance abuse treatment in exchange for his
judicial confession. We are, therefore, unpersuaded by this facet of Deantes's argument. 
 We conclude that the State met its burden of proving by a preponderance of the
evidence that Deantes violated the conditions of his community supervision. See Cobb,
851 S.W.2d at 873. The trial court, therefore, did not abuse its discretion in ordering
revocation. See Cardona, 665 S.W.2d 493-94. Deantes's first issue is overruled. (5)

B. Due Process By his third issue, Deantes argues that his due process rights were violated by
certain "misinformation" provided by the prosecutor to the trial court at the revocation
hearing; specifically, (1) the prosecutor's mention of the alleged assaults that formed the
partial basis of the State's first motion to revoke, and (2) the trial court's consideration of
Deantes's earlier relapse treatment. Deantes characterizes these instances as "facts [not]
in evidence" and "[in]accurate" and, citing Black v. Romero, contends that, because of the
"misinformation," he was denied a neutral hearing body and the opportunity to be heard
and to provide contradictory evidence. See 471 U.S. 606, 611-12 (1985). 

 We cannot conclude that the complained-of instances are "misinformation,"
however. Deantes mischaracterizes the record and takes the information out of context. 
Our review of the hearing record, in its entirety, reveals that the prosecutor mentioned the
alleged assault in response to Deantes's hearing testimony that the State's first motion to
revoke was based on other facts. The prosecutor also referred to the assault in response
to questions from the trial court regarding whether Deantes qualified to be placed at a local
treatment facility upon his revocation. Further, based on our review of the record, it
appears that the trial court's consideration, if any, of Deantes's prior relapse treatment was
in connection with the court's determination that the jury's sentence of ten years'
incarceration should be imposed. In sum, we are not persuaded by Deantes's initial
contention that the complained-of instances were "misinformation" provided to the trial
court that somehow implicated his due process rights. Deantes's third issue is overruled. 

C. Disproportionality of Punishment

 By his fourth issue, Deantes argues that the punishment assessed by the trial court
is disproportionate to the seriousness of the alleged offense, in violation of the Eighth
Amendment to the United States Constitution. See U.S. Const. art. VIII. However,
Deantes did not object to his sentence at the time of sentencing or in any post-trial motion.
To preserve error for appellate review, a party must present a timely objection to the trial
court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P.
33.1(a). Because Deantes failed to specifically object to the allegedly disproportionate
sentence in the trial court or in a post-trial motion, he has waived any error for our review.
See Noland v. State, 264 S.W.3d 144, 151 (Tex. App.-Houston [1st Dist.] 2007, pet. ref'd)
("[I]n order to preserve for appellate review a complaint that a sentence is grossly
disproportionate, constituting cruel and unusual punishment, a defendant must present to
the trial court a timely request, objection, or motion stating the specific grounds for the
ruling desired."); Trevino v. State, 174 S.W.3d 925, 927-28 (Tex. App.-Corpus Christi
2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is
not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are
not so fundamental as to have relieved him of the necessity of a timely, specific trial
objection."). Deantes's fourth issue is therefore overruled.

IV. Conclusion

 The judgment of the trial court is affirmed.


 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 17th

day of June, 2010.
1. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4. Further, we note that no brief has been filed by the State; accordingly, we decide this
case based on the brief filed by Deantes and the record before us.
2. The State alleged the following violations in its April 23, 2007 motion to revoke, that Deantes: 
intentionally, knowingly, and recklessly caused bodily injury to two persons and that both offenses constituted
family violence; and intentionally and knowingly failed to report to his probation officer.
3. Later amendments to Deantes's community supervision added thirty-day and four-day terms of
confinement in county jail and $120.00 in restitution.
4. The pre-sentence investigation report does not appear in the record before us. 
5. By his second issue, Deantes appears to generally challenge the punishment imposed by the trial
court, asserting that the trial court's imposition of a ten-year sentence of incarceration rather than relapse
treatment was an abuse of discretion. In support of this issue, Deantes contends that "the trial court
erroneously believed that [Deantes] committed an assault and previously went to relapse treatment"; Deantes
states that "[b]y considering hearsay or erroneous evidence without opportunity for appellant to object, the trial
court could not have formed a reasonable belief that [Deantes] violated a term of his community supervision." 
However, to the extent Deantes generally complains of the punishment imposed by the trial court or contends
that the trial court erred in admitting and/or considering certain evidence, he has provided the Court with no
citations to authority or any legal analysis supporting those arguments. As a result, those arguments are
inadequately briefed and thus waived on appeal. See Tex. R. App. P. 38.1(i). Deantes's second issue is
overruled.