

NUMBER 13-09-00215-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ENCARNACION DEANTES, III,                                                           Appellant,

v.

THE STATE OF TEXAS,                                                                       Appellee.

On appeal from the 36th District Court
of San Patricio County, Texas.

# MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez

Appellant Encarnacion Deantes, III complains of the revocation of his community

supervision, upon which he was sentenced to ten years' incarceration.  By four issues,

Deantes argues that: (1) insufficient evidence supported his revocation; (2) the trial court abused its discretion when it imposed a ten-year sentence of incarceration rather than sending Deantes to relapse treatment; (3) "misinformation" provided by the prosecutor and relied upon by the trial court violated his due process rights; and (4) his sentence was grossly disproportionate to the offense and therefore violated the Eighth Amendment's prohibition against cruel and unusual punishment. We affirm.

## I. BACKGROUND[1]

On February 20, 2002, Deantes was convicted by a jury of intoxication manslaughter, a second-degree felony for which the sentencing range is two to twenty years' imprisonment. *See* TEX. PENAL CODE ANN. §§ 49.08(a)-(b), 12.33(a) (Vernon Supp. 2009). The jury assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) but recommended that Deantes's sentence be probated. On March 22, 2002, the trial court placed Deantes on community supervision for ten years. Among the other standard conditions of his community supervision, such as regular meetings with his probation officer, Deantes was ordered to confinement and treatment in a substance abuse felony punishment facility.

On April 23, 2007, the State filed a motion to revoke Deantes's community supervision, but upon further motion by the State, that revocation proceeding was

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4. Further, we note that no brief has been filed by the State; accordingly, we decide this case based on the brief filed by Deantes and the record before us.

dismissed on August 3, 3007.[2] Deantes's conditions of community supervision were then amended and he was ordered to further confinement in a substance abuse treatment facility for relapse treatment.[3]

On August 29, 2008, the State filed a second motion to revoke, alleging that Deantes violated the conditions of his probation by intentionally and knowingly failing to (1) report to his probation officer, (2) submit to required random urinalyses, (3) attend Alcoholics Anonymous (AA) and/or Narcotics Anonymous (NA) meetings, and (4) pay his statutory supervisory fee. At a hearing on the State's motion on March 27, 2009, the trial court accepted Deantes's stipulation to the State's allegations as evidence. Deantes also stipulated to the pre-sentence investigation report introduced by the State.[4] At the hearing, Deantes stated that he had no objection to the introduction and admission of either stipulation. The State's allegations were supported by the affidavit of Sharon Sanchez, who attested that Deantes had violated the conditions of his community supervision by failing to report to his probation officer at the required times, submit to random urinalysis, attend AA and/or NA meetings, and pay his statutory supervisory fee.

Deantes pleaded "true" to all violations alleged by the State, and the trial court found Deantes had committed all violations. The trial court then ordered the prior punishment assessed by the jury before Deantes was placed on community supervision—ten years' confinement in the ID-TDCJ—to be given full force and effect.

---

[2]The State alleged the following violations in its April 23, 2007 motion to revoke, that Deantes: intentionally, knowingly, and recklessly caused bodily injury to two persons and that both offenses constituted family violence; and intentionally and knowingly failed to report to his probation officer.

[3]Later amendments to Deantes's community supervision added thirty-day and four-day terms of confinement in county jail and $120.00 in restitution.

[4]The pre-sentence investigation report does not appear in the record before us.

## II. Discussion

### A. Sufficiency of the Evidence

By his first issue, Deantes argues that the State's evidence was insufficient to support the trial court's finding that he violated the conditions of his community supervision. In support of this issue, Deantes contends that the State's allegations "were minor or technical violations" and that the State's only evidence was a "judicial confession induced by a promise for treatment, which the State did not recommend on disposition" and which therefore rendered Deantes's plea involuntary.

We review a trial court's order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). The State bears the burden of showing by a preponderance of the evidence that the defendant committed a violation of his community supervision conditions. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State does not meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d 493-94.

Proof by a preponderance of the evidence of any one of the alleged violations of the community-supervision conditions is sufficient to support a revocation order. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref'd) (citations omitted). In fact, a plea of true, standing alone, supports the revocation of community supervision. *See Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is sufficient to support revocation of probation); *see also Grover v. State*, No. 13-09-00102-CR, 2009 WL 3247843, at *1 (Tex. App.–Corpus Christi July 2, 2009, pet. ref'd) (mem. op., not designated for publication).

4

Here, Deantes stipulated to the evidence offered by the State in support of its motion to revoke, which included an affidavit attesting that Deantes had committed four violations of his community supervision conditions. *See Antwine*, 268 S.W.3d at 636. Moreover, Deantes pleaded "true" to all violations alleged by the State. *See Cole*, 578 S.W.2d at 128. Although Deantes contends that his plea was involuntary, he points the Court to no evidence or other indication in the record substantiating his bare assertion that the State promised to recommend further substance abuse treatment in exchange for his judicial confession. We are, therefore, unpersuaded by this facet of Deantes's argument.

We conclude that the State met its burden of proving by a preponderance of the evidence that Deantes violated the conditions of his community supervision. *See Cobb*, 851 S.W.2d at 873. The trial court, therefore, did not abuse its discretion in ordering revocation. *See Cardona*, 665 S.W.2d 493-94. Deantes's first issue is overruled.[5]

## B. Due Process

By his third issue, Deantes argues that his due process rights were violated by certain "misinformation" provided by the prosecutor to the trial court at the revocation hearing; specifically, (1) the prosecutor's mention of the alleged assaults that formed the partial basis of the State's first motion to revoke, and (2) the trial court's consideration of Deantes's earlier relapse treatment. Deantes characterizes these instances as "facts [not]

---

[5]By his second issue, Deantes appears to generally challenge the punishment imposed by the trial court, asserting that the trial court's imposition of a ten-year sentence of incarceration rather than relapse treatment was an abuse of discretion. In support of this issue, Deantes contends that "the trial court erroneously believed that [Deantes] committed an assault and previously went to relapse treatment"; Deantes states that "[b]y considering hearsay or erroneous evidence without opportunity for appellant to object, the trial court could not have formed a reasonable belief that [Deantes] violated a term of his community supervision." However, to the extent Deantes generally complains of the punishment imposed by the trial court or contends that the trial court erred in admitting and/or considering certain evidence, he has provided the Court with no citations to authority or any legal analysis supporting those arguments. As a result, those arguments are inadequately briefed and thus waived on appeal. *See* TEX. R. APP. P. 38.1(i). Deantes's second issue is overruled.

5

in evidence" and "[in]accurate" and, citing *Black v. Romero*, contends that, because of the "misinformation," he was denied a neutral hearing body and the opportunity to be heard and to provide contradictory evidence. *See* 471 U.S. 606, 611-12 (1985).

We cannot conclude that the complained-of instances are "misinformation," however. Deantes mischaracterizes the record and takes the information out of context. Our review of the hearing record, in its entirety, reveals that the prosecutor mentioned the alleged assault in response to Deantes's hearing testimony that the State's first motion to revoke was based on other facts. The prosecutor also referred to the assault in response to questions from the trial court regarding whether Deantes qualified to be placed at a local treatment facility upon his revocation. Further, based on our review of the record, it appears that the trial court's consideration, if any, of Deantes's prior relapse treatment was in connection with the court's determination that the jury's sentence of ten years' incarceration should be imposed. In sum, we are not persuaded by Deantes's initial contention that the complained-of instances were "misinformation" provided to the trial court that somehow implicated his due process rights. Deantes's third issue is overruled.

### C. Disproportionality of Punishment

By his fourth issue, Deantes argues that the punishment assessed by the trial court is disproportionate to the seriousness of the alleged offense, in violation of the Eighth Amendment to the United States Constitution. *See* U.S. Const. art. VIII. However, Deantes did not object to his sentence at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. Tex. R. App. P. 33.1(a). Because Deantes failed to specifically object to the allegedly disproportionate

sentence in the trial court or in a post-trial motion, he has waived any error for our review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex. App.–Corpus Christi 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). Deantes's fourth issue is therefore overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 17th
day of June, 2010.

7