NUMBER 13-10-627-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

RICHARD MARTINEZ,                                                        
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the 94th
District Court 

of Nueces County,
Texas.

      
                                                                                                               

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes 

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            Appellant, Richard Martinez,
was indicted for attempted sexual assault.  See Tex. Penal Code Ann. § 15.01(a) (Vernon 2003), § 22.011(a)
(Vernon Supp. 2010).  After pleading guilty to the offense, the court sentenced
him to six years’ imprisonment but suspended the sentence and placed him on
community supervision for six years.  Afterwards, on the State’s fifth motion
to revoke, Martinez pleaded “True” to the alleged violations of the terms and
conditions of his community supervision, and the court revoked community
supervision and sentenced him to six years’ imprisonment.  By one issue,
Martinez argues the trial court abused its discretion by revoking community
supervision and imposing a six-year prison sentence.  We affirm.

I. Revocation Hearing

            During the revocation hearing, Martinez
pleaded “True” to violating the terms and conditions of community supervision. 
Specifically, he:  (1) failed to serve time in an intermediate sanction
facility and upon release, failed “to report to probation” and “failed to obey
the order from staff leading to a disciplinary reporting hearing”; (2) “failed
to obey an order from staff and leading to a disciplinary report and hearing”;
(3) “violated a posted order from the [intermediate sanction] facility leading
to a disciplinary report and hearing”; and (4) “failed to successfully complete
the intermediate sanction facility as ordered and . . . [was] behaviorally
discharged.”

Based upon the pleas of true, the court
found the allegations to be true.  After hearing testimony from Martinez, as
well as argument from both sides, the court revoked community supervision.  

II. Discussion

            In his sole issue, Martinez argues the court
abused its discretion by revoking community supervision and imposing a six-year
prison sentence.  The
State bears the burden of showing by a preponderance of the evidence that the
defendant committed a violation of the community-supervision conditions.  Antwine
v. State, 268 S.W.3d 634, 636 (Tex. App.–Eastland 2008, pet. ref’d) (citing
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Kulhanek
v. State, 587 S.W.2d 424, 426 (Tex. Crim. App. 1979)).  We review the trial
court’s order revoking community supervision under an abuse-of-discretion
standard.  Id. (citing Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d 492, 493 (Tex.
Crim. App. 1984)).  In a community supervision revocation hearing, an abuse of
discretion occurs when the trial judge’s decision was so clearly wrong that it
falls outside the zone within which reasonable persons might disagree.  Wilkins
v. State, 279 S.W.3d 701, 703-04 (Tex. App.–Amarillo 2007, no pet.); Brumbalow
v. State, 933 S.W.2d 298, 300 (Tex. App.–Waco 1996, pet. ref’d).

The trial court is the sole judge of the
witnesses’ credibility and the weight given to their testimony, and we review
the evidence in the light most favorable to the trial court’s ruling.  Antwine,
268 S.W.3d at 636 (citing Cardona, 665 S.W.2d at 493; Garrett v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)).  If the State does not
meet its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Id. (citing Cardona, 665 S.W.2d 493-94). 
Proof by a preponderance of the evidence of any one of the alleged violations
of the community-supervision conditions is sufficient to support a revocation
order.  Id. (citing Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980); Leach v. State, 170 S.W.3d 669, 672 (Tex. App.–Fort
Worth 2005, pet. ref’d)).  A plea of true, standing alone, supports the
revocation of community supervision.  See Cole v. State, 578 S.W.2d 127,
128 (Tex. Crim. App. 1979) (holding a plea of true to one allegation is
sufficient to support revocation of probation).

 

Martinez pleaded “True” to each of the
violations alleged in the State’s motion to revoke and gave additional
testimony about these violations.  These pleas of true, standing alone, support
the revocation of community supervision.  See id.  Thus, the trial
judge’s decision was not so clearly wrong that it fell outside the zone within
which reasonable persons might disagree.  We hold, therefore, that the trial
court did not abuse its discretion by revoking community supervision and
imposing a six-year prison sentence.  The sole issue for review is overruled.

III. Conclusion

            We affirm the trial court’s judgment.

 

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the  

21st day of April,
2011.