NO. 07-10-0412-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 19, 2011

_____


JUSTIN DAVID CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT AT LAW #1 OF DENTON COUNTY;

NO. CR-2008-00617-A; HONORABLE JIM CROUCH, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Justin David Carter, appeals his conviction for assault-family violence.[1] Through five points of error, Appellant contends the trial court abused its discretion when it found he had violated the conditions of his community supervision and revoked his community supervision.  We affirm.

_____

[1]*See* Tex. Penal Code Ann. § 22.01(a)(1) (West 2011).

## Background

In May 2008, Appellant entered a plea of *nolo contendere* to the misdemeanor offense of assault—family violence in No. CR-2008-00617-A in Criminal Court No. 1 in Denton County, Texas, and was sentenced to 300 days in the Denton County Jail.[2] His sentence was suspended and he was placed on community supervision for 18 months. In April 2009, the State filed a motion to revoke Appellant's community supervision. Appellant pled true to the State's allegation in its motion to revoke and the trial court entered an order continuing Appellant's community supervision period for one year.

In March 2010, the State filed a second motion to revoke. In this motion, the State alleged Appellant violated the conditions of his community supervision by (1) committing an offense against the laws of the State;[3] (2) failing to pay his fifty dollar supervision fee on or before the 20th of November 2009, December 2009, and January 2010; (3) missing seven scheduled appointments to provide urine samples between January 31, 2009 and January 5, 2010; and (4) failing to complete a batterer's intervention program.

Appellant pled not true to the State's allegations and a hearing was held September 10, 2010. After the hearing, the trial court found that Appellant had violated terms C, D, J, and 9 of the conditions of his community supervision[4] that required him to report to probation, pay supervision fees, submit to drug testing and timely complete a batterer's intervention program respectively. The trial court entered an order revoking

---

[2]Appellant was also fined one hundred dollars.

[3]This allegation was subsequently abandoned by the State.

[4]*See Order Continuing Defendant On Community Supervision* entered August 28, 2009.

Appellant's community supervision and sentenced him to 120 days confinement in the Denton County Jail.  This appeal followed.

## Standard of Review

We review an order revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)).  The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of community supervision.  *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).  If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision.  *Cardona*, 665 S.W.2d at 493-94.  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling.  *Id.* at 493.  Proof of one violation of the conditions of community supervision is sufficient to support a revocation order.  Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (West 2006); *Antwine v. State,* 268 S.W.3d 634, 636 (Tex.App.— Eastland 2008, pet. ref'd) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980)).

## Analysis

Regarding Appellant's fourth point of error contending that the trial court abused its discretion in its determination Appellant failed to submit to testing for alcohol or illicit drug use by missing seven scheduled appointments to provide urine specimens, the record of the adjudication hearing indicates that Rhett Wallace, a Denton County

3

probation officer, testified that Appellant failed to report for drug testing seven times and Appellant admitted to each violation. Because the preponderance of the evidence presented to the trial court demonstrates a violation of condition J of the order continuing Appellant's community supervision, the trial court properly found the violation and was justified in revoking Appellant's community supervision on that basis alone. *Albright v. State*, 13 S.W.3d 817, 819 (Tex.App.—Fort Worth 2000, pet. ref'd) (citing *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. [Panel Op.] 1980)).

Accordingly, Appellant's fourth point of error is overruled. Our ruling on Appellant's fourth point of error pretermits his remaining points of error. *See* Tex. R. App. P. 47.1.

## Conclusion

The trial court's judgment is affirmed.

> Patrick A. Pirtle
> Justice

Do not publish

4