



## MEMORANDUM OPINION

No. 04-11-00916-CR

James **BROWNLOW**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR9678W
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  October 24, 2012

AFFIRMED

Appellant James Brownlow appeals the trial court's order adjudicating him guilty and sentencing him to two years confinement in the Texas Department of Criminal Justice–Institutional Division.  On appeal, Brownlow contends the trial court erred in granting the State's motion to revoke and adjudicating him guilty because the State failed to prove he violated the conditions of his community supervision.  We affirm the trial court's judgment.

**BACKGROUND**

Pursuant to a plea agreement, Brownlow pled nolo contendere to the offense of robbery. The trial court deferred a finding of guilt and ordered Brownlow placed on community supervision for five years. Subsequently, the State filed a "Motion to Enter Adjudication of Guilt and Revoke Community Supervision," alleging Brownlow violated numerous conditions of his community supervision. Brownlow pled true to the allegations in the State's motion. Thereafter, the trial court adjudicated him guilty, but did not sentence him to confinement. Rather, the trial court placed Brownlow on community supervision for five years.

Believing Brownlow had violated the conditions of his new term of probation, the State filed a "Motion to Revoke Community Supervision." In its motion, the State alleged Brownlow had:

- twice failed to submit to drug testing as directed by his probation officer (condition number 2);

- failed to provide proof of employment (condition number 4);

- failed to pay court costs, supervisory fees, and other administrative fees (condition number 10);

- failed to have a landline installed for purposes of electronic monitoring (condition number 21);

- failed to submit to weekly drug testing (condition number 29); and

- failed to provide proof of school attendance and grades (condition number 33).

After a hearing, the trial court found Brownlow had violated conditions two, four, and thirty-three as set out in the State's motion. As a result of the violations, the trial court revoked Brownlow's community supervision and sentenced him to two years confinement. Brownlow then perfected this appeal.

**ANALYSIS**

Brownlow argues the State failed to prove he violated conditions of probation two, four, and thirty-three. Accordingly, he contends the trial court erred in revoking his community supervision and sentencing him to two years confinement.

### *Standard of Review*

A trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)). In a hearing on a contested motion to revoke community supervision, the State must prove by a preponderance of the evidence that the defendant violated the terms of his community supervision. *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd) (citing *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993)). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Antwine*, 268 S.W.3d at 636 (citing *Cardona*, 655 S.W.2d at 493; *Garrett v. State*, 719 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981)). We view the evidence in the light most favorable to the trial court's ruling. *Id.* If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the defendant's community supervision. *Antwine*, 268 S.W.3d at 636 (citing *Cardona*, 655 S.W.2d at 493-94). If the State proves by a preponderance of the evidence any one of the alleged violations of community supervision, this is sufficient to support an order of revocation. *Smith v. State*, 290 S.W.3d 368, 375 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *Antwine*, 268 S.W.3d at 636. In other words, when the trial court finds several violations of the conditions of community supervision, the revocation order shall be affirmed if the proof of any alleged violation is sufficient. *Id.*

*Application*

Condition number four of Brownlow's community supervision required him to obtain and keep gainful employment and provide proof of employment. The record suggests Brownlow pled true to violating this condition. At the beginning of the hearing on the motion to revoke, the follow occurred:

> THE COURT: Good morning sir. Are you James Brownlow?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And you're the same James Brownlow who was placed on probation out of the 437th Judicial District Court for robbery on April 19th of 2011 for a period of five years?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Now, previously you entered pleas of not true to violations of condition number two.
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: *A plea of true to violation of condition number four.* A plea of not true to violation of condition number 10, condition in number 21, number 29, and number 33.
>
> State are you ready to proceed?

(emphasis added).

No one attempted to claim Brownlow had not pled true to violating condition number four, and in the trial court's judgment, it notes he pled true.

A plea of true to any one of the violations alleged by the State is sufficient to support the trial court's order of revocation. *Moses v. State*, 590 S.W.2d 469, 469 (Tex. Crim. App. 1979); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no. pet.); *Brooks v. State*, 994 S.W.2d 762, 763 (Tex. App.—San Antonio 1999, no pet.). Given that it appears from the record that Brownlow pled true to violating condition number four of his

probation, this is sufficient to support the trial court's revocation order. *See id.* That he now contends the State failed to prove the allegation to which he pled true is of no consequence.

However, even if we assume the trial court misspoke at the hearing and mistakenly noted a plea of true in the revocation order, we would still find the State proved by a preponderance of the evidence that Brownlow violated condition number four.

At the hearing, the State called Claudia Torres, Brownlow's probation officer, to the stand. Officer Torres identified Brownlow and stated she had been his supervising officer since January of 2011. Officer Torres testified she went over the conditions of probation with Brownlow and that he was aware of the conditions. Officer Torres stated that Brownlow told her he was working at the La Madeleine Restaurant in Huebner Oaks, but he never provided her with proof of employment.

Brownlow testified at the hearing that he tried to get a job at the restaurant where his sister worked, La Madeleine, but they refused to hire him because of his felony record. Brownlow mentioned putting in an application at one other establishment, but admittedly never obtained a job.

The testimony by Officer Torres was sufficient to establish Brownlow never provided her with proof of employment. And, by his own admission, Brownlow never obtained gainful employment. This evidence is sufficient to establish he violated condition number four of his community supervision.

Having determined that the State provided sufficient evidence to establish Brownlow violated condition number four of his community supervision, we hold the trial court did not err

in revoking Brownlow's community supervision. *See Smith*, 290 S.W.3d at 375; *Antwine*, 268 S.W.3d at 636.[1]

## CONCLUSION

We hold the State proved by a preponderance of the evidence that Brownlow violated at least one of the conditions of probation as alleged by the State. Accordingly, we hold the trial court did not abuse its discretion in revoking Brownlow's community supervision and sentencing him to two years confinement. We therefore affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish

---

[1] Moreover, we hold the State provided sufficient proof to establish the other violations found by the trial court. However, we need not consider the other violations because the one violation is sufficient to affirm the revocation order. *See Smith*, 290 S.W.3d at 375; *Antwine*, 268 S.W.3d at 636.