Robin ANTWINE, Appellant,

v.

STATE of Texas, Appellee.

No. 11–07–00292–CR.

Court of Appeals of Texas,
Eastland.

Aug. 14, 2008.

Discretionary Review Refused
Jan. 28, 2009.

---

35. *See* TEX.R.APP. P. 47.1.

George B. Mackey, Fort Worth, TX, for Appellant.

Tim Curry, Dist. Atty., Charles M. Mallin, Kimberly Colliet Wesley, Asst. Dist Attorneys, Fort Worth, TX, for Appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

### OPINION

TERRY McCALL, Justice.

On April 25, 2003, the trial court placed appellant on deferred adjudication for the felony offense of possession of cocaine. The State subsequently filed a petition to proceed to adjudication wherein it alleged that appellant had violated the terms of his deferred adjudication community supervision. Specifically, the State asserted that appellant failed to report to his community supervision officer, left Tarrant County without permission, and failed to report a change of address. Upon considering the State's allegations at a hearing that occurred on August 15, 2007, the trial court proceeded with adjudication and sentenced appellant to confinement in the State Jail Division of the Texas Department of Criminal Justice for a term of eighteen months. We affirm.

*Background Facts*

The State called Paul Mansky, a community supervision officer for Tarrant County, as a witness at the hearing. Mansky served as appellant's supervision officer. He testified that appellant tested positive for cocaine during the term of his community supervision. As a result of the posi-

tive test, appellant was required to report weekly to the community supervision department. The department advised appellant of this change by sending him a letter on February 3, 2006. The department sent the letter by certified mail to the last address provided by appellant to the department. The post office returned the letter back to the department because it was not deliverable.

Appellant did not report on the weeks of February 6, 13, or 21. Mansky attempted to visit appellant at his residence on February 14, 2006, but was unable to do so. He left a business card and instructions at the residence for appellant to report weekly. Mansky subsequently met with appellant on February 22, 2006. Mansky advised appellant at this meeting of the requirement for him to report weekly. Appellant did not report to the department again after the February 22 meeting. The hearing concluded with the trial court announcing that it found the State's allegations true regarding appellant's failure to report to the department and his failure to notify the department of his change of address.

### Issue

In a single issue, appellant challenges the factual sufficiency of the evidence supporting the violations alleged by the State.

### Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.2007). This determination is reviewable in the same manner as a community supervision revocation hearing conducted under TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp.2007). *Id.*

The State has the burden of showing by a preponderance of the evidence that the defendant committed a violation of the conditions of community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex.Crim.App.1993); *Kulhanek v. State,* 587 S.W.2d 424, 426 (Tex.Crim.App. 1979). The trial court's order revoking community supervision is reviewed under an abuse of discretion standard. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim. App.2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App.1984). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and the evidence is reviewed in the light most favorable to the trial court's ruling. *Cardona,* 665 S.W.2d at 493; *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim.App.1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona,* 665 S.W.2d at 493–94. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. Article 42.12, § 21(b); *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App.1980); *Leach v. State,* 170 S.W.3d 669, 672 (Tex. App.–Fort Worth 2005, pet. ref'd).

As noted previously, appellant seeks to challenge the factual sufficiency of the evidence supporting the trial court's determination that he violated the terms of community supervision. However, a number of intermediate appellate courts have declined to review a revocation order for factual sufficiency. *See Becker v. State,* 33 S.W.3d 64, 66 (Tex.App.–El Paso 2000, no pet.); *Joseph v. State,* 3 S.W.3d 627, 642 (Tex.App.–Houston [14th Dist.] 1999, no pet.); *Johnson v. State,* 2 S.W.3d 685, 687 (Tex.App.–Fort Worth 1999, no pet.). We

agree with our sister courts. As noted in *Becker*, a revocation hearing is neither a criminal nor a civil trial, but rather an administrative hearing in which the trial court is vested with broad discretionary powers. *Becker*, 33 S.W.3d at 65–66 (citing *Cobb*, 851 S.W.2d at 873). Examination of a revocation order for factually sufficient evidence is inappropriate given the trial court's wide discretion and the unique nature of community supervision revocation proceedings. *Id.*

### Analysis

■ The evidence established that appellant was required to report monthly to the community supervision department until he tested positive for cocaine use. He was then required to report weekly starting in February 2006. While the letter that Mansky sent appellant was returned by the post office, Mansky subsequently left a card at appellant's last reported address advising him of the change in the reporting requirements. Appellant did not receive the letter and the card left at his residence because he moved without advising the community supervision department of his change of address. Additionally, Mansky orally advised appellant of the new requirement at a meeting that occurred on February 22, 2006. Even though Mansky instructed appellant to begin reporting weekly, he failed to do so. Furthermore, he stopped reporting to the community supervision department altogether after the meeting. When viewed in the light most favorable to the decision to revoke, the trial court's determination that appellant violated the reporting and change-of-address requirements of his community supervision is supported by legally sufficient evidence. Accordingly, we conclude that the trial court did not abuse its discretion by proceeding with adjudication.

### This Court's Ruling

The judgment of the trial court is affirmed.