NO. 07-10-00016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2011

JOHN ARTHUR NEWMAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY;

NO. 44,948-A; HONORABLE ROBERT P. BROTHERTON, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, John Arthur Newman, pleaded guilty to one count of indecency with a child.[1] Consistent with the plea agreement, appellant was granted deferred adjudication community supervision for a period of ten years. Subsequently, the State filed a motion to adjudicate appellant's deferred adjudication. The original motion to adjudicate was ultimately dismissed. Thereafter, the State filed a second motion to adjudicate appellant's deferred adjudication. After a contested hearing on the State's motion to adjudicate, appellant was adjudicated guilty of the original offense of indecency with a

---

[1] See TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2010).

child.  After a hearing on the issue of punishment, the trial court assessed appellant's punishment at 12 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  Through two issues, appellant contends that the trial court abused its discretion in adjudicating appellant's deferred adjudication and that the trial court committed error in admitting evidence of a failed polygraph examination.  We will affirm.

Factual and Procedural Background

As stated above, appellant initially pleaded guilty to one count of indecency with a child.  Pursuant to the plea agreement, appellant was placed on deferred adjudication community supervision for a period of 10 years.  The terms and conditions of appellant's community supervision were lengthy. The terms involved in the hearing on the State's second motion to adjudicate involved condition 12 (payment of a monthly supervision fee of $50 and payment of a Crime Stoppers fee in the total amount of $50 at the rate of $5 per month) and condition 16(f) (required appellant to remain in the sexual abuse treatment program until successfully completed, as determined by the treatment specialists, or his probation had expired).  The State alleged that appellant had failed to pay $433 of his probation fees and $45 of his Crime Stoppers fees.  Further, the State alleged that appellant was unsuccessfully discharged from the program because of three factors: 1) appellant denied committing the offense to which he pleaded guilty; 2) appellant refused to cooperate with group treatment; and 3) appellant failed a polygraph test.

On October 16, 2009, the trial court conducted a hearing on the State's motion to adjudicate. After hearing the evidence regarding the allegations of the State and testimony from appellant, the trial court recessed the hearing until October 23, 2009. On that day, the trial court found that appellant was financially unable to make the payments required by condition 12; however, it found the allegations that appellant had violated condition 16(f) to be true. Accordingly, the trial court adjudicated appellant guilty of the offense of indecency with a child.

On October 30, 2009, the trial court heard both sides on the issue of the proper punishment to be assessed. After hearing the evidence, the trial court assessed appellant's punishment at confinement in the ID-TDCJ for a period of 12 years.

Appellant perfected his appeal and filed his brief with this Court. Appellant's issues attack the sufficiency of the evidence to support the trial court's decision to adjudicate appellant guilty and the trial court's admission of evidence concerning appellant's failure of a polygraph examination given as part of the sexual abuse treatment program. We disagree with appellant and will affirm the judgment of the trial court.

## Sufficiency of the Evidence

### Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.

3

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2010). This determination is reviewable in the same manner used to determine whether sufficient evidence supported the trial court's decision to revoke community supervision. Id.; Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. Rickels v. State, 202 S.W.3d 759, 763–64 (Tex.Crim.App. 2006); Antwine, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." Rickels, 202 S.W.3d at 763–64.

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. Herald v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. See Garrett, 619 S.W.2d at 174.

<u>Analysis</u>

At the hearing on the motion to adjudicate, Ron Burks, a licensed sex offender treatment provider, with whom appellant had been placed, testified about appellant's progress and efforts at completing the program. The sum of Burks's testimony was that appellant had regressed regarding the issue of accepting responsibility for the offense to which he had pleaded guilty. This was shown, according to Burks, because appellant initially stated that he had inappropriately touched the victim 25-50 times but later changed that statement to touching the victim only once. Additionally, Burks testified about how appellant did not complete the homework assignments required to progress through the program. According to the testimony, there were some 42 homework assignments contained in the workbook that each participant received. Further, Burks testified that, in his experience, the assignments should be completed within 12 to 24 months. Appellant had completed three assignments in eleven months. Burks acknowledged that appellant had several medical conditions and testified about the efforts that the program took to accommodate those issues. However, in the final analysis, it was Burks's opinion that appellant was malingering and using his medical conditions as an excuse. Burks also testified that appellant appeared to choose not to participate in the group sessions as he never seemed to have anything to say or offer. This was, according to Burks, counterproductive to the treatment plan because this type of therapy is confrontational in nature and requires the participants to be active in their participation. Appellant also missed some sessions according to Burks's records. Appellant failed a polygraph examination that he was required to take as part of the treatment plan. Burks testified that he believed that appellant had the capacity to do the

5

work required. This was demonstrated, according to Burks, when appellant did complete one of the homework assignments requiring a presentation during a group session. Burks testified that appellant's presentation was much better than had been expected. However, it was Burks's opinion that appellant was not trying and, therefore, not getting benefit from the plan. As a result of appellant's lack of effort, he was discharged from the plan as an unsuccessful participant.

In the face of this evidence regarding appellant's adjudication for failure to comply with condition 16(f), appellant presents the issue as the failure of the State to prove that appellant intentionally, knowingly, or voluntarily failed to remain in the sex offender program. Thus, according to appellant, the trial court abused its discretion when it adjudicated appellant.

Initially, we point out that appellant's assertion that the State was required to prove that his removal from the sexual abuse treatment program had to be because of an intentional, knowing or voluntary act is not supported by any citations to any authority so holding. That issue aside, appellant pins his contentions on the testimony of Burks cited in his brief. According to appellant, two of the three allegations were proven to be false by these excerpts from Burks's testimony. As we read the testimony, such might be the case if we limit our review to only the portions cited in appellant's brief. However, when the total of Burks's testimony is read, it is clear that appellant had substantial difficulty in completing the treatment program and that much of his difficulty appeared to be due to his lack of effort. The record certainly supports that proposition.

6

Understanding that the trial court is the final arbiter of the facts and the weight and credibility of the evidence, Garrett, 619 S.W.2d at 174, and that the State need only prove its allegations by a preponderance of the evidence, Rickels, 202 S.W.3d at 763–64, we are convinced that the trial court did not abuse its discretion when it adjudicated appellant guilty of indecency with a child.  See Herald, 67 S.W.3d at 293.  Accordingly, appellant's first issue is overruled.

Admission of Polygraph Evidence

Proof of a violation of a single term and condition of community supervision is a sufficient basis upon which to adjudicate a deferred adjudication.  Antwine, 268 S.W.3d at 636.  Therefore, we need not address appellant's second contention.  See TEX. R. APP. P. 47.1.

Conclusion

Having overruled appellant's first issue, we affirm the judgment of the trial court.


Mackey K. Hancock<br>
Justice

Do not publish

7