NO. 07-10-00016-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



FEBRUARY
28, 2011

 



 

JOHN ARTHUR NEWMAN, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 30TH DISTRICT COURT OF WICHITA
COUNTY;

 

NO. 44,948-A; HONORABLE ROBERT P. BROTHERTON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, John Arthur Newman,
pleaded guilty to one count of indecency with a child.[1]  Consistent with the plea agreement, appellant
was granted deferred adjudication community supervision for a period of ten
years.  Subsequently, the State filed a
motion to adjudicate appellant’s deferred adjudication.  The original motion to adjudicate was
ultimately dismissed.  Thereafter, the
State filed a second motion to adjudicate appellant’s deferred
adjudication.  After a contested hearing
on the State’s motion to adjudicate, appellant was adjudicated guilty of the
original offense of indecency with a child. 
After a hearing on the issue of punishment, the trial court assessed
appellant’s punishment at 12 years confinement in the Institutional Division of
the Texas Department of Criminal Justice (ID-TDCJ).  Through two issues, appellant contends that
the trial court abused its discretion in adjudicating appellant’s deferred
adjudication and that the trial court committed error in admitting evidence of
a failed polygraph examination.  We will
affirm.

Factual and Procedural Background

            As
stated above, appellant initially pleaded guilty to one count of indecency with
a child.  Pursuant to the plea agreement,
appellant was placed on deferred adjudication community supervision for a
period of 10 years.  The terms and
conditions of appellant’s community supervision were lengthy. The terms
involved in the hearing on the State’s second motion to adjudicate involved
condition 12 (payment of a monthly supervision fee of $50 and payment of a
Crime Stoppers fee in the total amount of $50 at the rate of $5 per month) and
condition 16(f) (required appellant to remain in the sexual abuse treatment
program until successfully completed, as determined by the treatment
specialists, or his probation had expired). 
The State alleged that appellant had failed to pay $433 of his probation
fees and $45 of his Crime Stoppers fees. 
Further, the State alleged that appellant was unsuccessfully discharged
from the program because of three factors: 1) appellant denied committing the
offense to which he pleaded guilty; 2) appellant refused to cooperate with
group treatment; and 3) appellant failed a polygraph test.  

            On
October 16, 2009, the trial court conducted a hearing on the State’s motion to
adjudicate.  After hearing the evidence
regarding the allegations of the State and testimony from appellant, the trial
court recessed the hearing until October 23, 2009.  On that day, the trial court found that
appellant was financially unable to make the payments required by condition 12;
however, it found the allegations that appellant had violated condition 16(f)
to be true.  Accordingly, the trial court
adjudicated appellant guilty of the offense of indecency with a child.

            On
October 30, 2009, the trial court heard both sides on the issue of the proper
punishment to be assessed.  After hearing
the evidence, the trial court assessed appellant’s punishment at confinement in
the ID-TDCJ for a period of 12 years.  

            Appellant
perfected his appeal and filed his brief with this Court.  Appellant’s issues attack the sufficiency of
the evidence to support the trial court’s decision to adjudicate appellant
guilty and the trial court’s admission of evidence concerning appellant’s
failure of a polygraph examination given as part of the sexual abuse treatment
program.  We disagree with appellant and will
affirm the judgment of the trial court.

Sufficiency of the Evidence

Standard of Review

            On
violation of a condition of community supervision imposed under an order of
deferred adjudication, the defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (West Supp. 2010).  This
determination is reviewable in the same manner used to determine whether
sufficient evidence supported the trial court’s decision to revoke community
supervision.  Id.;
Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref’d).  In an adjudication hearing, the State must
prove by a preponderance of the evidence that a defendant violated the terms of
his community supervision.  Rickels
v. State, 202 S.W.3d 759, 763–64 (Tex.Crim.App.
2006); Antwine, 268 S.W.3d at 636.  A preponderance of the evidence means “that
greater weight of the credible evidence which would create a reasonable belief
that the defendant has violated a condition of his probation.”  Rickels, 202 S.W.3d at 763–64.

            Given
the unique nature of a revocation hearing and the trial court’s broad
discretion in the proceedings, the general standards for reviewing sufficiency
of the evidence do not apply.  Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana
2003, pet. ref’d). Instead, we review the
trial court’s decision regarding community supervision revocation for an abuse
of discretion and examine the evidence in a light most favorable to the trial
court’s order.  Garrett
v. State, 619 S.W.2d 172, 174 (Tex.Crim.App.
1981).  When the standard of
review is abuse of discretion, the record must simply contain some evidence to
support the trial court’s decision.  Herald v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo
2001, no pet.).  The trial judge
is the trier of fact and the arbiter of the
credibility of the testimony during a hearing on a motion to adjudicate.  See Garrett, 619
S.W.2d at 174.

 

Analysis

            At
the hearing on the motion to adjudicate, Ron Burks, a licensed sex offender
treatment provider, with whom appellant had been placed, testified about
appellant’s progress and efforts at completing the program.  The sum of Burks’s testimony was that
appellant had regressed regarding the issue of accepting responsibility for the
offense to which he had pleaded guilty. 
This was shown, according to Burks, because appellant initially stated
that he had inappropriately touched the victim 25-50 times but later changed
that statement to touching the victim only once.  Additionally, Burks testified about how appellant
did not complete the homework assignments required to progress through the
program.  According to the testimony,
there were some 42 homework assignments contained in the workbook that each
participant received.  Further, Burks
testified that, in his experience, the assignments should be completed within
12 to 24 months.  Appellant had completed
three assignments in eleven months. 
Burks acknowledged that appellant had several medical conditions and
testified about the efforts that the program took to accommodate those
issues.  However, in the final analysis,
it was Burks’s opinion that appellant was malingering and using his medical
conditions as an excuse.  Burks also
testified that appellant appeared to choose not to participate in the group
sessions as he never seemed to have anything to say or offer.  This was, according to Burks,
counterproductive to the treatment plan because this type of therapy is
confrontational in nature and requires the participants to be active in their
participation.  Appellant also missed
some sessions according to Burks’s records. 
Appellant failed a polygraph examination that he was required to take as
part of the treatment plan.  Burks
testified that he believed that appellant had the capacity to do the work
required.  This was demonstrated,
according to Burks, when appellant did complete one of the homework assignments
requiring a presentation during a group session.  Burks testified that appellant’s presentation
was much better than had been expected. 
However, it was Burks’s opinion that appellant was not trying and,
therefore, not getting benefit from the plan. 
As a result of appellant’s lack of effort, he was discharged from the
plan as an unsuccessful participant.

            In
the face of this evidence regarding appellant’s adjudication for failure to
comply with condition 16(f), appellant presents the issue as the failure of the
State to prove that appellant intentionally, knowingly, or voluntarily failed
to remain in the sex offender program. 
Thus, according to appellant, the trial court abused its discretion when
it adjudicated appellant.  

            Initially,
we point out that appellant’s assertion that the State was required to prove
that his removal from the sexual abuse treatment program had to be because of
an intentional, knowing or voluntary act is not supported by any citations to
any authority so holding.  That issue
aside, appellant pins his contentions on the testimony of Burks cited in his
brief.  According to appellant, two of
the three allegations were proven to be false by these excerpts from Burks’s
testimony.  As we read the testimony,
such might be the case if we limit our review to only the portions cited in
appellant’s brief.  However, when the
total of Burks’s testimony is read, it is clear that appellant had substantial
difficulty in completing the treatment program and that much of his difficulty
appeared to be due to his lack of effort. 
The record certainly supports that proposition.  

            Understanding
that the trial court is the final arbiter of the facts and the weight and
credibility of the evidence, Garrett, 619 S.W.2d at 174, and that the
State need only prove its allegations by a preponderance of the evidence, Rickels, 202 S.W.3d at 763–64, we are convinced that
the trial court did not abuse its discretion when it adjudicated appellant
guilty of indecency with a child.  See
Herald, 67 S.W.3d at 293.  Accordingly, appellant’s first issue is
overruled.

Admission of Polygraph Evidence

            Proof
of a violation of a single term and condition of community supervision is a
sufficient basis upon which to adjudicate a deferred adjudication.  Antwine, 268 S.W.3d at 636. 
Therefore, we need not address appellant’s second contention.  See Tex.
R. App. P. 47.1.

Conclusion

            Having
overruled appellant’s first issue, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish

 











[1]
See
Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2010).