NO. 07-11-00008-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 16, 2011

---

EDWARD BUTLER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. 3577; HONORABLE STUART MESSER, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Edward Butler, appeals from the trial court's order adjudicating him guilty of the offense of evading arrest[1] while using a motor vehicle, a State Jail felony,[2] and imposing a sentence of confinement in a State Jail Facility (SJF) for 24 months. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 38.04(a) (West 2011).

[2] Id. § 38.04(b)(1)(B).

Factual and Procedural Background

On March 25, 2009, appellant entered a plea of guilty, pursuant to a plea bargain, to the offense of evading arrest while using a motor vehicle. Pursuant to the plea agreement, appellant received a deferred adjudication and was placed on community supervision for a period of three years, was ordered to pay a fine of $2,500 and court costs of $390, and to abide by additional terms and conditions of community supervision.

Subsequently, on July 14, 2010, the State filed a motion to adjudicate appellant guilty alleging that appellant had violated several of the terms and conditions of community supervision. Specifically, the State's motion alleged the following violations:

Condition 2- failed to permit the Community Supervision Officer to visit at his home on June 10, 2010;

Condition 7- failed to pay all costs of court, fine, and attorney's fees in monthly installments of $95 for the months of April, July, September, and December 2009 and February and April of 2010;

Condition 12- consumed marihuana on or about April 30, 2009 and March 25, 2010;

Condition 19- failed to complete 50 hours of community service by October 1, 2009 and failed to complete 50 hours of community service by April 1, 2010; and,

Condition 23- failed to pay $100 to the Community Supervision Department on or before October 1, 2009, for the Crime Victims Compensation Fund.

On December 9, 2010, the trial court conducted a hearing on the State's motion to adjudicate. Appellant entered a plea of "not guilty" to all of the State's allegations. The only testimony heard during the adjudication phase came from Mark White, the

2

Community Supervision Officer for the 100th Judicial District. White testified that he was present in court the day appellant was placed on community supervision, and that he went over the terms and conditions of community supervision with appellant. Further, White testified that it was his opinion that appellant understood the terms and conditions of community supervision.

As to the specific allegations of violations, White provided testimony as to each. Regarding the visit to appellant's home, White testified that, on June 10, 2010, he attempted to visit appellant's home. According to White, appellant's vehicle was present and sounds coming from inside the house were indicative that someone was home, however, no one would answer the door. White further testified that he administered a urinalysis test to appellant on April 30, 2009, and March 25, 2010. According to White, the tests were sent to Redwood Toxicology in California for examination. The State was permitted to prove the results of the tests by use of a business records affidavit and accompanying affidavit from the lab. Both tests were positive for marihuana. White also testified to appellant's payment records regarding court costs, fine, and attorney's fees. According to the records of the Community Supervision Department, appellant failed to pay the required monthly sum of $95 for the months of April, July, September, and December 2009, and February and April of 2010. White then testified that appellant had only completed six hours of community service, thereby failing to meet the requirements of community service required by the terms and conditions of community supervision. Finally, White testified that appellant failed to make the $100 payment that was to go to the Crimes Victim's Compensation Fund.

During the cross-examination of White, White did admit he did not know who was in the home on the date of his home visit. Specifically, he could not testify that appellant was in the house at the time of the visit. All he could say was that appellant's vehicle was parked at the house at the time of the visit. White further admitted that appellant had been employed sporadically during his community supervision.

Appellant did not testify during the adjudication phase of the hearing. At the close of the adjudication phase, the trial court found that the State had met its burden of proof as to each of the violations alleged, except as to condition 2, and adjudicated appellant guilty of the underlying evading arrest offense. Subsequently, the trial court sentenced appellant to confinement in a SJF for a period of 24 months. This appeal followed.

Appellant contends, through four issues, that the trial court abused its discretion by adjudicating appellant guilty as to each of the violations the court found to be true because the evidence as to those violations was not legally sufficient. By his fifth issue, appellant contends that the trial court abused its discretion by failing to find that adjudicating appellant guilty was in the best interest of appellant or society. Disagreeing with appellant, we will affirm the judgment of the trial court.

Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2010). This determination is

reviewable in the same manner used to determine whether sufficient evidence supported the trial court's decision to revoke community supervision. Id.; Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. Rickels v. State, 202 S.W.3d 759, 763–64 (Tex.Crim.App. 2006); Antwine, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." Rickels, 202 S.W.3d at 763–64.

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision. Herald v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo 2001, no pet.). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. See Garrett, 619 S.W.2d at 174. Finally, proof of violation of a single term and condition of community supervision is a sufficient basis upon which to adjudicate a deferred adjudication. Antwine, 268 S.W.3d at 636.

5

Analysis

During the hearing on the State's motion to adjudicate, the probation officer, White, testified at length about appellant's requirement to complete the required hours of community service. The record reflects that appellant was given the option of completing his GED in lieu of hours of community service with the various agencies listed on the attachment to the terms and conditions of community supervision. Further, the record contains several recitations about how White went over the terms and conditions of community supervision with appellant. On the day appellant was placed on community supervision, appellant signed the bottom of the Order Imposing Conditions of Community Supervision, which, taken with White's testimony about orally going over the terms with appellant, indicates that appellant was fully aware of the requirement to complete the hours of community service. White's testimony was that appellant had completed six hours of community supervision and had not completed his GED. There was no other testimony before the trial court concerning this ground for adjudication of appellant's deferred adjudication.

The burden cast upon the State in a hearing on a motion to adjudicate is by a preponderance of the evidence. Rickels, 202 S.W.3d at 763–64. When we review a trial court's decision to adjudicate, there must be some evidence to support the trial court's decision. Herald, 67 S.W.3d at 293. We view the evidence in the light most favorable to the trial court's decision in determining whether the trial court abused its discretion. Garrett, 619 S.W.2d at 174. Accordingly, the trial court did not abuse its discretion by finding the allegation true that appellant failed to complete the hours of

community supervision required by Condition 19. Accordingly, appellant's third issue is overruled.

Inasmuch as a finding of true on a single violation is sufficient to adjudicate appellant, the trial court's order is correct. Antwine, 268 S.W.3d at 636. We do not reach appellant's other issues. See TEX. R. APP. P. 47.1.

Conclusion

Having found that appellant did violate a term and condition of community supervision, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice

Do not publish.