

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-11-0254-CR

_____

GARRY CRISP, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 19429-A, Honorable Dan L. Schaap, Presiding

March 26, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Hancock, JJ.

Appellant Garry Crisp appeals from the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of injury to a child, and sentencing him to six years of imprisonment. He presents five issues. We will affirm.

Background

Appellant was charged by a 2008 amended indictment with the felony offenses of indecency with a child and injury to a child. In late 2008, the State waived the indecency with a child charge and appellant plead guilty to injury to a child.[1] He was placed on six years of deferred adjudication community supervision. At the time of his guilty plea, appellant signed a judicial confession to the injury to a child offense as alleged in the indictment. Appellant's community supervision was subject to terms and conditions, one of which was completion of a sex offender treatment program.

In March 2011, the State filed a motion to revoke appellant's community supervision, alleging appellant had violated two of its conditions. It alleged appellant failed to complete required community service restitution hours, and failed to successfully complete his sex offender treatment program.

The trial court heard the motion in May 2011. Appellant plead "not true" to the State's allegations. An adult community supervision officer, Terri Crossland, testified appellant failed to complete the required 200 hours of community service in accordance with the terms of his supervision order. Appellant was required to complete 8 hours of service per month but failed to do so for the months of February 2009 through December 2010.[2] Crossland told the court that appellant had completed only 25 hours

---

[1] Tex. Penal Code Ann. § 22.04 (West 2011).

[2] In the 2008 order of deferred adjudication, the condition of community supervision reads, "Complete 200 hours of Community Service Restitution at the direction of the Community Supervision and Corrections Department at the rate of 8 hours per month to begin immediately."

of the required 200. She related that appellant gave excuses for not completing the remaining 175 hours, including car problems, work hours, and health issues.

Appellant testified on his own behalf at the hearing. He admitted he failed to complete all of his community service hours but told the court it was because he worked long hours. He told the court he did his best to comply with the terms of his community supervision, "except for my community service."

The trial court found the allegations in the State's motion to be true, adjudicated appellant guilty of the offense of injury to a child and sentenced him to six years of imprisonment. This appeal followed.

Analysis

Appellant raises five issues on appeal. The first four assert the court erred in its finding he violated the requirement to successfully complete the sex offender treatment program. In the fifth issue, appellant challenges the sufficiency of the evidence presented to support the trial court's finding that he failed to complete the community service hours. We will address only appellant's fifth issue.

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court whether to proceed with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West 2011). This determination is reviewable in the same manner as a revocation hearing in a case involving "regular" community supervision. *Id.; Antwine v. State*, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove

3

by a preponderance of the evidence that the defendant violated the terms of his community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex.Crim.App. 2006); *Antwine,* 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels,* 202 S.W.3d at 763-64 (citation omitted).

Ultimately, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *Id.* at 174.

Proof of violation of a single term and condition of community supervision is a sufficient basis on which to adjudicate a deferred adjudication. *Antwine,* 268 S.W.3d at 636; *see Butler v. State,* No. 07-11-00008-CR, 2011 Tex.App. LEXIS 7580 (Tex.App.— Amarillo Sept. 16, 2011, pet. ref'd) (mem. op., not designated for publication) (applying *Antwine*).

At the hearing on the State's motion, Crossland testified appellant was required to complete 200 hours of community service, at a rate of 8 hours per month, to begin as soon as he was placed on community supervision. She testified he completed 4 hours in February 2009, 2 ½ in October 2009, 9 ½ in January 2011, 3 ½ in February 2011, and 5 ½ in March 2011. She recommended revocation of appellant's community supervision. In his testimony appellant also acknowledged he failed to complete his

community service hours. While he told the court he failed to do so because of car problems, working too many hours, and health issues, he also stated he did his best to comply with the terms of his supervision "except for my community service."

Appellant argues on appeal there was no stated deadline to complete his community service hours and he still had time to complete the 200 hours before expiration of his term of community supervision. The argument ignores the requirement that he perform his community service at the rate of 8 hours per month. During the months in evidence, appellant completed as many as 8 hours only in one month, January 2011.

Focusing on the circumstances that hindered his performance of the community service hours, appellant draws an analogy to the "inability to pay" statutory provisions discussed in *Stanfield v. State,* 718 S.W.2d 734 (Tex.Crim.App. 1986). *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West 2011) (current provision). The analogy does not demonstrate the trial court's finding of violation was an abuse of discretion. Even if the concept were pertinent to the court's determination to proceed to adjudicate, a holding we do not make, the trial court was free in this case to give weight to the evidence appellant had been able, in the few months just prior to the hearing, to arrange his work schedule so as to give him time to perform community service hours. The court reasonably could have concluded appellant had the ability to make those changes at a much earlier time had he taken the community service requirement more seriously.

Viewing the evidence in the light most favorable to the trial court's decision, we see no abuse of discretion in its finding the State's allegation true that appellant failed to

complete the hours of community service as required by his community supervision order.  We overrule appellant's fifth issue.  Because a finding of true on a single violation is sufficient to support revocation of community supervision and adjudication of guilt,[3] we affirm the judgment of the trial court and do not address appellant's other issues.  Tex. R. App. P. 47.1.

James T. Campbell
Justice

Do not publish.

---

[3] *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex.Crim.App. 1981) (proof of a single violation is sufficient to support revocation of community supervision).