

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00042-CR

_____

YOLANDA LYNN RICHMOND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5441, Honorable Stuart Messer, Presiding

August 30, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Yolanda Lynn Richmond appeals from her jury conviction of the offense of burglary of a habitation[1] and the resulting sentence of twelve years of imprisonment. Through one issue, appellant contends the trial court erred in revoking her deferred adjudication community supervision, adjudicating her guilty of burglary of a habitation and imposing the sentence noted. We will affirm.

_____

[1] Tex. Penal Code Ann. § 30.02 (West 2011).

## Background

Appellant plead guilty to burglary of a habitation in May 2012 and was placed on deferred adjudication community supervision for a period of four years. Her community supervision was subject to certain terms and conditions.

In June 2012, five weeks into her community supervision, appellant's community supervision officer filed a violation report alleging she committed a new criminal offense of assault against a family member, her grandmother. The next month, the State filed a motion to adjudicate defendant's guilt based on the single ground of the new assaultive offense.

Appellant's mother testified at the hearing, telling the court appellant asked her for $50 for a phone card on June 10. She told appellant to call her grandmother for the money. The grandmother came to the home and she and appellant argued. The grandmother, according to appellant's mother, was "real belligerent" and "real ugly" toward appellant. She pushed appellant and appellant pushed her back into the wall, causing a scratch to her elbow. Appellant's mother testified the scratch was "bleeding" but did not require medical attention. Appellant was "mad" and left the house before police arrived.

The Childress police officer who wrote the report about the incident also testified. He told the court he was dispatched to investigate an assault following a call to police from appellant's mother. He arrived about five minutes after the altercation concluded.

He found the grandmother upset and angry and wanting to press charges.[2] The officer observed she was "very short of breath," she had "red marks on her upper chest area close to her neck" and he believed "she had a few red marks on her arms." Appellant's mother told him appellant had hit the grandmother.

Following presentation of the evidence, the trial court revoked appellant's deferred adjudication community supervision, adjudicated her guilty of burglary of a habitation, and imposed sentence as noted. This appeal followed.

Analysis

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court whether to proceed with an adjudication of guilt on the original charge. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West 2011). This determination is reviewable in the same manner as a revocation hearing in a case involving "regular" community supervision. *Id.; Antwine v. State,* 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd).

In an adjudication hearing, the State must prove by a preponderance of the evidence that the defendant violated a term of her community supervision. *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex.Crim.App. 2006); *Antwine*, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763-64 (citation omitted). *See also Ex parte Doan,*

---

[2] She later filed an affidavit of non-prosecution.

369 S.W.3d 205, 208 (Tex.Crim.App. 2012) (reexamining nature of revocation hearings); *Leonard v. State,* 385 S.W.3d 570 (Tex.Crim.App. 2012) (citing *Doan* for proposition that Texas Rules of Evidence apply fully in a revocation proceeding); *Rhodes v. State,* No. 06-12-00144-CR, 2013 Tex.App. LEXIS 5218, at *5 (Tex.App.— Texarkana April 30, 2013) (mem. op., not designated for publication) (noting same).

Ultimately, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate*. Id.* at 174.

Proof of violation of a single condition of community supervision is a sufficient basis on which to proceed to adjudication. *Antwine,* 268 S.W.3d at 636; *see Butler v. State*, No. 07-11-00008-CR, 2011 Tex.App. LEXIS 7580 (Tex.App.-Amarillo Sept. 16, 2011, pet. ref'd) (mem. op., not designated for publication) (applying *Antwine*).

Appellant argues the State failed to prove she committed assault. Specifically, appellant argues there was no proof her grandmother sustained "bodily injury." As part of her argument, she notes her mother testified the grandmother did not require medical treatment.

The State's motion to adjudicate alleged appellant violated a condition of her community supervision by intentionally, knowingly or recklessly causing bodily injury to her grandmother by striking her. *See* Tex. Penal Code Ann. § 22.01 (West 2011)

4

(offense of assault). "Bodily injury" includes physical pain, illness, or any impairment of physical condition. Tex. Penal Code Ann. § 1.07(a)(8) (West 2011).

No direct evidence that a victim suffered pain is necessary to prove the bodily injury element of assault. A fact finder is permitted to draw reasonable inferences from the evidence, including an inference that the victim suffered pain as a result of her injuries. *Goodin v. State,* 750 S.W.2d 857, 859 (Tex.App.—Corpus Christi 1988, pet. ref'd). The existence of a cut, bruise, or scrape on the body is sufficient evidence of physical pain necessary to establish the requisite "bodily injury." *Bolton v. State,* 619 S.W.2d 66, 167 (Tex.Crim.App. 1981); *Arzaga v. State,* 86 S.W.3d 767, 778 (Tex.Ap.—El Paso 2002, no pet.).

When viewed in the light most favorable to the verdict, the evidence was sufficient under the preponderance of the evidence standard for the trial court to find appellant caused her grandmother bodily injury. Appellant's mother testified she saw a bleeding scrape on the grandmother's elbow. She also noted the grandmother had a difficult time breathing after the incident due to her asthma. The officer testified the grandmother was upset and angry, had red marks near her neck and on her arms. He also observed she was "very short of breath." Thus, despite the testimony the grandmother did not require medical attention that day, the court reasonably could have inferred from the testimony she suffered physical pain. *Arzaga,* 86 S.W.3d at 778-79; *Goodin*, 750 S.W.2d at 859; *see also Whitworth v. State,* No. 12-10-00038-CR, 2010 Tex. App. LEXIS 7191 (Tex.App.--Tyler Sept. 1, 2010, no pet.) (mem. op., not designated for publication).

5

The trial court did not abuse its discretion by finding appellant committed the new offense of assault in violation of the condition of her deferred adjudication community supervision requiring that she commit no new offense, revoking her community supervision, and adjudicating her guilty of the original offense. We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.