Opinion filed October 10, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00350-CR

_____

## RODNEY EARL MILLER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**
**Ector County, Texas**
**Trial Court Cause No. C-29,905**

## MEMORANDUM OPINION

Rodney Earl Miller appeals from the trial court's decision to revoke his community supervision and to adjudicate his guilt for the offense of indecency with a child by contact. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). After the trial court revoked Appellant's community supervision and found him guilty, it assessed his punishment at confinement for fifteen years. We affirm.

## I. *Issue Presented*

In his sole issue on appeal, Appellant presents the following question: Did the trial court abuse its discretion when it admitted into evidence a printout of a MySpace profile allegedly created and maintained by Appellant?

## II. *Evidence at Revocation Hearing*

Appellant originally pleaded guilty to the second-degree felony offense of indecency with a child by contact. In accordance with a plea bargain, the trial court deferred the adjudication of Appellant's guilt and placed him on community supervision for ten years.

In January 2011, the State filed a motion to adjudicate guilt in which it alleged that Appellant violated the terms and conditions of his community supervision when he had contact with a minor child without the supervision of a chaperone approved by his community supervision officer. The State later amended its motion to further allege that Appellant violated the conditions of his community supervision by owning or operating a computer by which he could access the internet. The State made a final amendment to its motion to allege that Appellant, once again, had unsupervised direct contact with a minor child.

The court held a hearing on the motion to adjudicate Appellant's guilt, and Appellant pleaded not true to each of the three allegations against him. Laura Hall, Appellant's community supervision officer, testified at the hearing. Hall testified that she received information that Appellant had been in direct contact with a minor child. After she received that information, she asked Appellant to come to the probation office to discuss the allegation. Appellant admitted to her that he drove Amanda Smith's minor daughter to school. Hall stated that Appellant's action was a violation of the conditions of his community supervision.

Hall further testified that she later went to Appellant's home to investigate a tip that Appellant had a computer at his home, which would be another violation of community supervision. Hall noted that she found a Clearwire box filled with computer plugs and cables inside Appellant's home, and she identified Clearwire as an internet provider. Hall also found inside Appellant's home a bill from Grande Communications for internet service for the month of August 2010. Hall explained that, when she asked Appellant if there was a computer in his home, Appellant told her that there had been a computer in his home prior to his January arrest but that he believed that the computer had been stolen during the time of his incarceration.

Hall also testified that Appellant drove Crystal Mays and her two young children to a bowling alley. She asserted that Appellant had violated the conditions of his community supervision a third time when he did so.

On redirect, the State questioned Hall about an eight-page printout of a MySpace profile allegedly created and maintained by Appellant. Hall stated that, after she received a tip that Appellant had a MySpace profile, she searched for Appellant's name on the MySpace website. Hall noted that her search resulted in a profile entitled "Miller Time." The profile contained a photograph of Appellant. Hall's printout of the "Miller Time" profile was admitted as State's Exhibit No. 1, over Appellant's objections. The trial court found all three allegations against Appellant to be true and adjudicated Appellant guilty of the offense of indecency with a child by contact.

### III. *Standard of Review*

Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980);

*Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. [Panel Op.] 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *Hart*, 264 S .W.3d at 366.

A trial court's decision to proceed to an adjudication of guilt and to revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2012); *Antwine*, 268 S.W.3d at 636. Given the unique nature of revocation proceedings and the trial court's broad discretion in the proceedings, the general standards for reviewing evidentiary sufficiency do not apply to a trial court's decision to revoke community supervision. *Antwine*, 268 S.W.3d at 636–37. We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Hart*, 264 S.W.3d at 366.

## IV. *Analysis*

Appellant complains that the trial court erred when it admitted unauthenticated electronic evidence obtained from the MySpace website. In support, Appellant points to the fact that the State failed to introduce any business records from MySpace or to elicit any testimony in order to establish that Miller created the "Miller Time" MySpace profile. The test for determining whether a trial court properly admitted evidence is abuse of discretion. A trial court abuses its discretion when it acts without reference to any guiding rules and principles.

4

*Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985)).

The Texas Court of Criminal Appeals recently addressed electronic evidence authentication in *Tienda v. State*, holding that a MySpace profile admitted into evidence may be properly authenticated through the profile's internal content, which may consist of photographs, comments, or music. *Tienda v. State*, 358 S.W.3d 633, 642 (Tex. Crim. App. 2012). In *Tienda*, the Court of Criminal Appeals spoke to the possibility that electronic evidence may be the creation of an imposter, rather than the individual suggested by the offering party. *Id.* at 646. The court stated that the trier of fact is the proper party to assess the probability of such a scenario. *Id.*

In this case, the printout of the "Miller Time" MySpace profile offered into evidence was sufficiently supported by circumstantial evidence presented at the revocation proceeding: (1) the printout of the MySpace profile contained a photograph that clearly depicted Appellant, (2) the profile was titled with a nickname closely linked to Appellant's name, and (3) the profile was located as a result of a search using Appellant's name. Viewing the evidence in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion when it admitted the printout of the "Miller Time" MySpace profile into evidence. We overrule Appellant's sole issue.

But even if we were to hold that the MySpace profile was improperly admitted into evidence—which we do not—that evidence did not substantially affect Appellant's rights. A violation of the Texas Rules of Evidence by the trial court is nonconstitutional error. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Nonconstitutional error is to be disregarded unless it affects an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *Gately v. State*, 321 S.W.3d

5

72, 77 (Tex. App.—Eastland 2010, no pet.). A person's substantial rights are affected when an error has a substantial and injurious effect or influence on the verdict. *Gately*, 321 S.W.3d at 77 (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)).

The trial court found that Appellant committed two additional violations of his community supervision order when he had direct contact with a minor child without the supervision of a proper chaperone on two separate occasions. Because sufficient proof of a single violation of the terms and conditions of community supervision justifies an order revoking probation, the trial court did not abuse its discretion when it revoked Appellant's community supervision, even if the trial court abused its discretion when it admitted the MySpace profile into evidence. *See Moore*, 605 S.W.2d at 926; *Antwine*, 268 S.W.3d at 636; *Hart*, 264 S.W.3d at 367.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

October 10, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.