**Opinion filed August 31, 2015**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-13-00318-CR & 11-13-00319-CR

_____

## DAKOTA DEMI WILLIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**

**Haskell County, Texas**

**Trial Court Cause Nos. 6665 & 6666**

## M E M O R A N D U M   O P I N I O N

These are appeals from the revocation of Dakota Demi Willis's deferred adjudication community supervision. We affirm.

The grand jury indicted Appellant for burglary of a building and credit card abuse. *See* TEX. PENAL CODE ANN. §§ 30.02, 32.31 (West 2011). Appellant pleaded guilty in both cases. Under the terms of the plea agreement, the trial court deferred

the adjudication of Appellant's guilt and placed Appellant on community supervision for a term of four years in each case. Subsequently, the State filed a motion to revoke Appellant's community supervision and adjudicate her guilt in each case. The State alleged that Appellant violated multiple terms of her community supervision. After a hearing, the trial court found the State's allegations to be true. The trial court found Appellant guilty of the offense of burglary of a building and of the offense of credit card abuse. The trial court assessed punishment at confinement for thirteen months and a $1,500 fine for each offense and ordered the sentences to run concurrently.

In a single issue in each appeal, Appellant challenges the revocation of her deferred adjudication community supervision. Appellant asserts that the evidence presented at the hearing on the State's motion to revoke community supervision and adjudicate guilt was insufficient to prove by a preponderance of the evidence that Appellant violated the terms and conditions of her community supervision. Appellant challenges each of the three violations alleged by the State. Specifically, Appellant contends that there was insufficient evidence to prove that she (1) committed a new offense, (2) failed to report an arrest within five days, and (3) failed to avoid persons or places of harmful or disreputable character.

A determination by a trial court to adjudicate guilt is reviewable in the same manner as a revocation of community supervision under TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (West Supp. 2014). *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). We review the evidence in the light most favorable to the trial court's ruling. *Cardona*,

2

665 S.W.2d at 493. We will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

The State met its burden to prove at least one of the alleged violations by a preponderance of the evidence. Under the terms and conditions of her community supervision, Appellant had to report any arrest to her community supervision officer within five days of the arrest. Appellant was arrested while she was on community supervision. She argues that she could not personally report the arrest because she was incarcerated in the Lubbock County Jail. She says, however, that she reported to the Haskell County Community Supervision Office in a timely manner through her attorney.

Christopher Davis, the chief probation officer of the 39th Judicial District, testified that he advised Appellant of the terms and conditions of her community supervision and that she indicated she understood the requirements of her community supervision. Davis testified that he had no indication in his records that Appellant reported her arrest within five days of that arrest or that she ever tried to contact the community supervision office. Davis concurred that a timely call from Appellant's attorney would have been sufficient notice. Davis stated that Appellant's attorney called the following week after Appellant's arrest to inform him of her arrest and that, although uncertain of the date, he was "fairly certain" it was not within the five-day period. There was no evidence to the contrary. Additionally, Lauri Ann Willis, Appellant's mother, testified that Appellant was released from jail on Sunday, September 15, only four days after her arrest on September 11. Therefore, despite Appellant's contentions, Appellant was capable of personally reporting her arrest once she had been released from the Lubbock County Jail.

Accordingly, based on Davis's testimony that he was "fairly certain" that Appellant's attorney did not timely report the arrest and that Appellant never personally reported the arrest, the State showed by a preponderance of the evidence that Appellant failed to timely report her arrest to her community supervision officer. The evidence is sufficient to support the trial court's finding that Appellant violated this condition of her community supervision. Thus, we hold that the trial court did not abuse its discretion when it revoked Appellant's deferred adjudication community supervision. We overrule Appellant's sole issue on appeal.

Because we will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence, we need not address whether there was sufficient evidence to prove Appellant committed a new offense or whether Appellant failed to avoid persons of harmful or disreputable character. *See* TEX. R. APP. P. 47.1; *Moore*, 605 S.W.2d at 926.

We affirm the judgments of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


August 31, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4