**Opinion filed October 20, 2016**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00285-CR & 11-14-00286-CR

_____

## ULICES IVAN ALCALA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR37343 & CR37445**

## M E M O R A N D U M   O P I N I O N

The grand jury returned two indictments against Appellant, Ulices Ivan Alcala. One indictment was for the offense of burglary of a habitation with the intent to commit theft and the other was for burglary of a habitation. Appellant pleaded guilty in both cases. Under the terms of the plea agreement, the trial court deferred the adjudication of Appellant's guilt and placed Appellant on deferred adjudication

community supervision for a term of six years in each case. Later, Appellant entered into an agreement to modify the conditions of his community supervision to include his placement in a Substance Abuse Felony Punishment Facility (SAFPF). Subsequently, the State filed a motion to adjudicate Appellant's guilt and revoke his community supervision in both cases. The State alleged that Appellant violated multiple terms of his community supervision. After a hearing, the trial court found the State's allegations to be true. The trial court found Appellant guilty of burglary of a habitation with the intent to commit theft and of burglary of a habitation, and it assessed Appellant's punishment at confinement for eight years in each case. The trial court ordered that the sentences are to run concurrently. We affirm.

In a single issue, Appellant challenges the trial court's revocation of Appellant's deferred adjudication community supervision. Specifically, Appellant asserts that the trial court abused its discretion and denied him due process because it failed to properly consider testimony from witnesses Rhonda Carrigan and Shelby Corbell and failed to consider the recommendation made by the State that Appellant should be confined for five years.

A determination by a trial court that it will proceed with an adjudication on the original charge is reviewable in the same manner as we review a revocation of community supervision under TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (West Supp. 2016). *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Id.* We will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community

2

supervision is supported by sufficient evidence. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

The State alleged three allegations against Appellant to show that Appellant violated the terms and conditions of his deferred adjudication community supervision. In allegation number one in the motion to revoke, the State alleged that Appellant was unsuccessfully discharged from Clover House, a transitional treatment center in which Appellant was enrolled as part of his residential substance abuse continuum of care and aftercare. Rhonda Carrigan, Clinical Program Director for Clover House, testified that Appellant, as a resident of Clover House, was held accountable for his behavior inside and outside Clover House. She testified, "They are to live within the norms of society, be accountable and dependable. They're expected to attend groups, to continue their substance abuse counseling . . . to do chores amongst the house, to abide by the rules, regulations, and expectations of the program as well as the terms and conditions of their probation." Appellant had a total of twenty-six disciplinary entries, or "pull-ups," during his 50-day stay at Clover House.

In allegation number two, the State asserted that Appellant admitted that he possessed or consumed synthetic marihuana, "K2." Shelby Corbell, SAFPF Coordinator for the Midland County Community Supervision and Corrections Department, testified that Appellant, as part of his community supervision, was required to abstain from the consumption of illegal drugs and alcohol. Appellant was also subject to random drug tests. Appellant admitted that he used or consumed synthetic marihuana, "K2," on May 2, 2014, and March 10, 2014.

In allegation number three, the State alleged that Appellant failed to make payments for fees assessed against him by the Midland County Community Supervision and Corrections Department. Corbell confirmed that Appellant was

3

$948 in arrears in cause number CR37343 and $287 in arrears in cause number CR37445.

Appellant argues on appeal that his due process rights were violated when his deferred adjudication community supervision was "arbitrarily withdrawn." Appellant contends that the trial court acted arbitrarily because it failed to properly consider testimony from witnesses Rhonda Carrigan and Shelby Corbell and failed to consider the recommendation made by the State that Appellant be confined for five years. Thus, Appellant claims that the trial court abused its discretion when it sentenced Appellant to confinement for eight years.

The State contends, however, that Appellant failed to preserve the complaint that he urges on appeal that his due process rights were violated. In the alternative, the State asserts that the trial court did not act in an arbitrary manner because Appellant pleaded true to the three alleged violations in the motion to revoke and because the trial court had the "benefit of the testimony of the Clinical Program Director of Clover House and the SAFPF Coordinator for the Midland County Community Supervision and Corrections Department concerning Appellant's violations of the terms of his community supervision."

We agree with the State that Appellant waived his due process claim. To preserve error on appeal, the record must show that a complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). A complaint that a sentence violates due process must be presented to the trial court. TEX. R. APP. P. 33.1(a); *see Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (en banc) ("An appellant must present to the trial court a timely, specific objection and obtain an adverse ruling to preserve for appeal his complaints concerning…violation[s] of due process rights."). Appellant did not urge a due process claim in the trial court. Further, although Appellant filed a motion for new trial, he did not raise a due process issue in the motion; he alleged only that

4

the verdict was "contrary to the law and the evidence." Due process arguments are subject to forfeiture by failure to object. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009). We hold that Appellant has not preserved his due process issue for appeal. We do note, however, that there is nothing in the record to suggest that the trial court did not consider the evidence and testimony presented. Appellant's sole issue on appeal in cause number 11-14-00285-CR and cause number 11-14-00286-CR is overruled.

We affirm the judgments of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


October 20, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.