

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00054-CR

PAUL DEWAYNE CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court One
Tarrant County, Texas
Trial Court No. 0972790D, Honorable Sharen Wilson, Presiding

August 23, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL AND PIRTLE, JJ.

In 2006, following an open plea of guilty to the offense of possession of a controlled substance (cocaine) of more than 400 grams,[1] Appellant, Paul Dewayne Carter, was placed on deferred adjudication community supervision for a term of ten years and assessed a fine of $1,000. On December 13, 2010, the trial court amended the conditions of Appellant's community supervision to include four days in county jail

---

[1] See TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(a) (West 2010). An offense under this statute is punishable by imprisonment for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000. See id. at § 481.115(f).

and psychological evaluation and treatment.  On September 26, 2011, the State filed a *Petition to Proceed to Adjudication* alleging multiple violations of the conditions of Appellant's community supervision, including (1) & (2) – two new criminal offenses on or about September 14, 2011, (3) two positive drug tests on or about August 15, 2007 and August 24, 2007, (4) three instances of diluting drug-testing specimens on October 24, 2007, March 9, 2010, and July 13, 2010, and (5) two failures to submit to drug testing as directed on or about August 14, 2007 and August 23, 2007.  After a hearing, the trial court found Appellant violated paragraphs (1), (3), (4), and (5) of the State's petition and sentenced him to twelve years confinement.  Presenting two points of error, Appellant asserts the trial court abused its discretion when it revoked his community supervision because:  (1) there was insufficient evidence he committed the new criminal offenses and (2) the trial court had previously sanctioned him for the drug and drug-testing violations when his conditions of community supervision were amended in 2010.  We affirm.

### STANDARD OF REVIEW

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion.  *Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App. 2006) (citing *Cardona v. State,* 665 S.W.2d 492, 493 (Tex.Crim.App. 1984)).  In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling; *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Crim.App. 1979), while recognizing that "[t]he trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony."

*Antwine v. State,* 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd) (citing *Cardona v. State,* 665 S.W.2d at 493).

### ANALYSIS

At the outset we note that a finding of a single violation of community supervision is sufficient to support revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West 2012). *See Antwine,* 268 S.W.3d at 636 (citing *Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App. 1980)). We consider Appellant's second point of error first because we find it dispositive of this appeal.

Appellant asserts the trial court had previously sanctioned him for the violations alleged in paragraphs (3) through (5) of the State's petition when the trial court amended the terms and conditions of his community supervision in December 2010. He contends that being sanctioned twice for the same violations violates his due process rights. Appellant does not contend the violations did not occur.

In this case, the *sole* evidence at the adjudication hearing regarding the amendment of the terms and conditions of community supervision in 2010 was the testimony of Flor Benavides, a probation officer. Benavides testified the trial court issued its order amending the terms and conditions of community supervision because Appellant tested positive for drugs on November 8, 2010—a drug violation that was not alleged in violations (3) through (5) of the State's petition. *See Applin v. State*, 341 S.W.3d 528, 533 (Tex.App.—Fort Worth 2011, no pet.) (rejecting a double-jeopardy claim when the record was void of specific fact findings as to why the trial court previously modified community supervision to include jail time). Accordingly, we find no

3

merit in Appellant's complaint that the trial court abused its discretion by improperly considering the alleged violations in revoking his community supervision. Appellant's second point of error is overruled and his first point of error is pretermitted. *See* TEX. R. APP. P. 47.1.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.