PD-0839-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/6/2015 9:13:17 PM
Accepted 7/7/2015 4:34:58 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

SALVADOR FERNANDEZ MIROLA, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 5635 FROM THE 100TH JUDICIAL
DISTRICT COURT OF CHILDRESS COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS OF AMARILLO, TEXAS, NO. 07-14-00182-CR

_____

PETITION FOR DISCRETIONARY REVIEW

_____

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr.
    DALE A. RABE, JR.,
    ATTORNEY FOR PETITIONER

TELEPHONE NO.:   940-937-2543
FACSIMILE NO.:   940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:   24027638

FILED IN
COURT OF CRIMINAL APPEALS

July 7, 2015

ABEL ACOSTA, CLERK

IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL

**TRIAL JUDGE:**                         Hon. Stuart Messer
P.O. Box 887
Clarendon, Texas  79226
806-874-0122
806-874-5146 (Facsimile)

**APPELLANT:**                          Mr. Salvador Mirola
TDCJ #01924622
998 County Road AA
Plainview, Texas  79072

    TRIAL COUNSEL:                 Mr. Harley Caudle
1017 W. 10th Avenue
Amarillo, Texas  79101
806-331-7785
806-331-7786 (Facsimile)

    APPELLATE COUNSEL:        Mr. Dale A. Rabe, Jr.
109 Avenue B, NE
P.O. Box 1257
Childress, Texas  79201
940-937-2543
940-937-3431 (Facsimile)
birdbirdrabe@gmail.com

**APPELLEE:**                          State of Texas

    TRIAL COUNSEL/APPELLATE COUNSEL:
Mr. Luke Inman
800 West Avenue, Box 1
Wellington, Texas  79095
806-447-0055
866-233-2738 (Facsimile)
luke.inman@windstream.net

## TABLE OF CONTENTS

Identity of the Judge, Parties, and Counsel   2

Table of Contents   3

Index of Authorities   4

Statement Regarding Oral Argument   5

Statement of the Case   6

Statement of Procedural History   6

Ground for Review:   7

     IS THE PROPONENT OF EVIDENCE CONTAINED ON A DIGITAL VERSATILE DISC (DVD) OFFERED FOR ADMISSION REQUIRED TO VIEW THE CONTENTS OF THE DVD TO PROPERLY AUTHENTICATE OR IDENTIFY THE DVD PRIOR TO THE ADMISSION OF THE DVD INTO EVIDENCE?

Argument   7

Prayer for Relief   10

Appendix   12

Certificate of Compliance   13

Certification of Service   13

# INDEX OF AUTHORITIES

**STATUTES**

TEX. R. EVID. 901(a) (Westlaw 2015)                8

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

SALVADOR FERNANDEZ MIROLA, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 5635 FROM THE 100TH JUDICIAL
DISTRICT COURT OF CHILDRESS COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS OF AMARILLO, TEXAS, NO. 07-14-00182-CR

_____

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL

APPEALS OF TEXAS:

STATEMENT REGARDING ORAL ARGUMENT

The ground for review herein involves interpretation of evidentiary rules that apply to novel forms of evidence. Oral argument may prove helpful to the Court.

5

## STATEMENT OF THE CASE

The Petitioner, Salvador Fernandez Mirola, was charged by complaint and information with the offense of possession of a controlled substance, less than one gram, a state jail felony. Petitioner pleaded guilty to the offense alleged in the information and was afforded three years deferred adjudication probation. The case proceeded on the state's motion to adjudicate guilt of the Petitioner. The trial court granted the state's motion to adjudicate guilt and assessed punishment at 24 months imprisonment in the Texas Department of Criminal Justice – State Jail Division. The court of appeals affirmed the judgment. This Petition challenges that holding.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision affirming the judgment of the trial court on April 30, 2015.

Petitioner filed his Motion for Rehearing on May 15, 2015.

Petitioner's Motion for Rehearing was overruled on June 5, 2015.

GROUND FOR REVIEW

IS THE PROPONENT OF EVIDENCE CONTAINED ON A DIGITAL VERSATILE DISC (DVD) OFFERED FOR ADMISSION REQUIRED TO VIEW THE DVD TO PROPERLY AUTHENTICATE OR IDENTIFY THE CONTENTS OF THE DVD PRIOR TO THE ADMISSION OF THE DVD INTO EVIDENCE?

ARGUMENT

It is respectfully submitted that the court of appeals erred in holding that the Digital Versatile Disc (DVD) was properly authenticated prior to the DVD's admission into evidence as required by Texas Rule of Evidence 901(a).

As noted in the Seventh Court of Appeals' opinion in this case dated April 30, 2015, "The requirement of authentication or identification **as a condition precedent** to admissibility is satisfied by evidence sufficient to support a finding that the

7

matter in question is what its proponent claims."
TEX. R. EVID. 901(a)(emphasis added).

The following exchange from the Reporter's Record as to the offering of State's Exhibit 3 was noted in the Seventh Court of Appeals' opinion:

Defense Counsel: Did you personally make the copy?

Officer Ware: **I don't know if it was that exact copy**, but I'm the one that downloaded the video onto a DVD and sent it to the DA. (emphasis added).

Defense counsel: **But you don't know if it's this same copy that he has in his hand?** (emphasis added).

Officer Ware: **No, sir.** (emphasis added).

Defense Counsel: Your Honor, we object. It's not properly authenticated.

Trial court: Specifically, what is your objection to the authentication?

Defense Counsel: That he, Officer Ware, cannot vouch for the authenticity of this being a copy of the DVD. He doesn't know if this is the same copy or not.

Trial court: Clear that up.

State's attorney: Officer Ware, you were present on February 24th when your in-car video was working. Correct?

8

Officer Ware: Yes.

State's attorney: And you stated that it was capable of making an accurate recording of your stop that day?

Officer Ware: Yes.

State's attorney: And did you have a chance to watch the recording, **the original recording** – (emphasis added).

Officer Ware: Yes.

State's attorney: - of the stop and arrest that day?

Officer Ware: Yes.

State's attorney: And the copy that you were able to make from that system, was that an accurate recording of all of the events that took place?

Officer Ware: Yes.

Defense counsel took Officer Ware on further voir dire:

Defense counsel: You said all of the events are contained in the copy that you made. Correct?

Officer Ware: Yes.

Defense counsel: **You don't know if that's the copy you made, do you?** (emphasis added).

9

Officer Ware: **Correct.**   (emphasis added).

Defense counsel: I stand on the objection, Judge.

Trial court: Overruled. Exhibit 3 is admitted.

Clearly, from the testimony of Officer Ware, Officer Ware had not viewed State's Exhibit 3 prior to the State's offering of the exhibit.  Therefore, Officer Ware could not authenticate the DVD as a condition precedent to the DVD's admission into evidence.

Based on the foregoing, Petitioner respectfully requests this Honorable Court grant his Petition for Discretionary Review.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully prays this Court grant this Petition and, upon reviewing the judgment entered below, reverse this cause and remand this case for a new trial.

10

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201


BY: /s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.,
ATTORNEY FOR PETITIONER

TELEPHONE NO.:     940-937-2543
FACSIMILE NO.:     940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:     24027638

11

## APPENDIX

1.  Letter from Court of Appeals April 30, 2015

2.  Judgment, Trial Court's Rulings Affirmed

3.  Memorandum Opinion

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Petition for Discretionary Review is 1,250 words in its completion, signed on this the 6th day of July, 2015, in accordance with the rules governing same.

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was delivered as indicated below on this the 6th day of July, 2015, to the following:

Mr. Luke Inman                    VIA E-SERVICE
District Attorney
800 West Avenue, Box 1
Wellington, Texas  79095

Mr. Salvador Mirola              VIA U.S. MAIL
TDCJ #01924622
998 County Road AA
Plainview, Texas  79072

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.

13



### Court of Appeals

**Seventh District of Texas**
**Potter County Courts Building**
**501 S. Fillmore, Suite 2-A**
**Amarillo, Texas 79101-2449**
**www.txcourts.gov/7thcoa.aspx**

BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

April 30, 2015

Luke McLean Inman
District Attorney
800 West Ave., Box 1
Wellington, TX 79095
* DELIVERED VIA E-MAIL *

Dale A. Rabe
BIRD, BIRD & RABE
P.O. Box 1257
Childress, TX 79201-1257
* DELIVERED VIA E-MAIL *

**RE:**   Case Number:  07-14-00182-CR
Trial Court Case Number: 5635

**Style:** Salvador Fernandez Mirola v. The State of Texas

Dear Counsel:

The Court this day issued an opinion and judgment in the captioned cause.  TEX. R. APP. P. 48.

In addition, pursuant to Texas Government Code, Sec. 51.204(b)(2), exhibits on file with this Court, **if any**, will be destroyed three years after final disposition of the case or at an earlier date if ordered by the Court.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

xc:   Honorable Stuart Messer (DELIVERED VIA E-MAIL)
Zona Prince (DELIVERED VIA E-MAIL)

FILE COPY

No. 07-14-00182-CR

| | | |
|---|---|---|
| Salvador Fernandez Mirola<br>    Appellant | § | From the 100th District Court<br>    of Childress County |
| | § | |
| v. | | April 30, 2015 |
| | § | |
| The State of Texas<br>    Appellee | § | Opinion by Justice Hancock |

## J U D G M E N T

Pursuant to the opinion of the Court dated April 30, 2015, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00182-CR

SALVADOR FERNANDEZ MIROLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5635, Honorable Stuart Messer, Presiding

April 30, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Salvador Fernandez Mirola, appeals the trial court's order adjudicating him guilty of the state jail felony of possession of a controlled substance, methamphetamine, and sentencing him to twenty-four months' confinement in a state jail facility.[1]  On appeal from that judgment, he contends the trial court abused its discretion by admitting an unauthenticated police video of his subsequent arrest for

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).

possession of marijuana. He also challenges the sufficiency of the evidence that would show he violated the terms and conditions of his community supervision. We will affirm.

## Factual and Procedural History

Appellant was charged with the state jail felony offense of possession of a controlled substance, charges to which he pleaded guilty on February 18, 2014, and for which he was placed on three years' deferred adjudication community supervision. On March 4, 2014, the State filed its motion to proceed to adjudication. In it, the State alleged that, within a week of having been placed on deferred adjudication community supervision, appellant had possessed and consumed marijuana and, in doing so, violated the conditions of his community supervision. On April 23, 2014, the trial court held a hearing on the State's motion to proceed to adjudication. The State presented evidence that appellant committed an offense against Texas law, that he failed to notify his community supervision officer within forty-eight hours of his arrest for said offense, and that he consumed marijuana, all being violations of the terms and conditions of his community supervision. After hearing the evidence, the trial court found that appellant had violated the conditions of his community supervision, adjudicated him guilty of the original charges, and imposed a sentence of twenty-four months' confinement in a state jail facility. Appellant has appealed to this Court, challenging the admission of the police video recording of the encounter leading to appellant's arrest and the sufficiency of the evidence to support the State's allegations.

Admission of Police Video

Appellant complains that the trial court abused its discretion when it admitted the police video showing the officer's approach, interaction with appellant, and appellant's arrest for possession of marijuana. He maintains that the video was unauthenticated, and, therefore, the trial court's admission of it ran afoul of Rule 901. *See* TEX. R. EVID. 901.

Defense counsel took the responding officer, Chad Ware, on voir dire, which, in part, revealed the following:

> Defense counsel: I'll presume for – what you've got there in your hand, you said, is a copy of the video. Correct?
>
> Officer Ware: He's got it. I don't.
>
> Defense counsel: Oh, I'm sorry. You testified it's a copy. Do you know where the original is?
>
> Officer Ware: It's on our computer in the office. These are all stored in the computer.
>
> Defense counsel: Did you personally make this copy?
>
> Officer Ware: I don't know if it was that exact copy, but I'm the one that downloaded the video onto a DVD and sent it to the DA.
>
> Defense counsel: But you don't know if it's this same copy that he has in his hand?
>
> Officer Ware: No, sir.
>
> Defense counsel: You Honor, we object. It's not properly authenticated.
>
> Trial court: Specifically, what is your specific objection to the authentication?
>
> Defense counsel: That he, Officer Ware, cannot vouch for the authenticity of this being a copy of the original DVD. He doesn't know if this is the same copy or not.

3

Trial court: Clear that up.

State's attorney: Officer Ware, you were present on February 24th when your in-car video was working. Correct?

Officer Ware: Yes.

State's attorney: And you stated that it was capable of making an accurate recording of your stop that day?

Officer Ware: Yes.

State's attorney: And did you have a chance to watch the recording, the original recording –

Officer Ware: Yes.

State's attorney:--of the stop and arrest that day?

Officer Ware: Yes.

State's attorney: And the copy that you were able to make from that system, was that an accurate recording of all of the events that took place?

Officer Ware: Yes.

State's attorney: And is that entire recording contained on the copy that you made that's contained in State's Exhibit 3?

Officer Ware: Yes.

Defense counsel took Officer Ware on further voir dire:

Defense counsel: You said all of the events are contained in the copy that you made. Correct?

Officer Ware: Yes.

Defense counsel: You don't know if that's the copy you made, do you?

Officer Ware: Correct.

Defense counsel: I stand on the objection, Judge.

Trial court: Overruled. Exhibit 3 is admitted.

<u>Standard of Review and Applicable Law</u>

We review a trial court's decision as to whether evidence is properly authenticated for an abuse of discretion. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012); *see Angleton v. State*, 971 S.W.2d 65, 67 (Tex. Crim. App. 1998). A trial court does not abuse its discretion by admitting evidence when it reasonably believes that a reasonable juror could find that the evidence has been authenticated. *See Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007).

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX. R. EVID. 901(a). One means of satisfying the authentication requirement is by testimony that a matter is what it is claimed to be. *See* TEX. R. EVID. 901(b)(1); *see also Tienda*, 358 S.W.3d at 639 n.22. Evidence may also be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." TEX. R. EVID. 901(b)(4); *see also Tienda*, 358 S.W.3d at 639 n.22; *Campbell v. State*, 382 S.W.3d 545, 548 (Tex. App.—Austin 2012, no pet.). Additionally, authentication may be accomplished by way of "[i]dentification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at anytime under circumstances connecting it with the alleged speaker." *See* TEX. R. EVID. 901(b)(5). Rule 901 "does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence." *Campbell*, 382 S.W.3d at 548 (quoting Peter T. Hoffman, *Texas Rules of Evidence Handbook*, Article IX at 948 (8th ed. 2008–09)). The proponent of evidence does not need to "rule out all possibilities inconsistent

5

with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Id.* "The ultimate question whether an item of evidence is what its proponent claims then becomes a question for the fact-finder . . . ." *Tienda*, 358 S.W.3d at 638 (citing *Druery*, 225 S.W.3d at 502).

Analysis

Based on Officer Ware's testimony regarding the DVD, the appearance and contents of the DVD showing appellant and Ware situated in a manner consistent with the other properly admitted evidence, and the ability of the trial court to identify the individuals and their voices by seeing those individuals and hearing their voices in such a way as to be able to connect the voices with the alleged speakers, the trial court had before it sufficient direct and circumstantial evidence that the DVD was, in fact, what the State purported it to be: a copy of the original recording of the stop and arrest that took place on February 24, 2014.[2]  The trial court's admission of the DVD was not an abuse of discretion.  We overrule appellant's point of error.

Sufficiency of the Evidence

Appellant maintains that the evidence is insufficient to prove that he violated the terms of his community supervision.  The order by which he was placed on deferred adjudication community supervision provided the following conditions:

> 1. Commit no offense against the laws of this State, any other State, the United States, or any governmental entity. You shall notify the 100th Judicial District Community Supervision Officer in charge of your case

---

[2] To the extent appellant may be understood to complain on appeal of the admission of the duplicate rather than the original, we note that such a complaint was not lodged in the trial court and would not be preserved for our review.  *See* TEX. R. EVID. 1003; TEX. R. APP. P. 33.1.

6

within forty-eight (48) hours if arrested and/or charged with a criminal offense.

2. Avoid injurious or vicious conduct and totally abstain from the purchase, use, or consumption of alcoholic beverages of any kind, marijuana, pills, narcotics, controlled substances, harmful drugs, glue or paint sniffing, or any chemical which might cause intoxication unless prescribed by a licensed physician for legitimate medical reasons.

The State alleged that he violated Conditions 1 and 2 of his community supervision by possessing and consuming marijuana on February 24, 2014. At trial, there would be testimony presented that appellant violated Condition 1 by also failing to notify his community supervision officer within forty-eight hours of his arrest. Appellant challenges the sufficiency of the evidence as to all three allegations: possession, consumption, and failing to notify.

Standard of Review and Applicable Law

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). In determining questions regarding sufficiency of the evidence in community supervision revocation cases, the burden of proof is by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). A preponderance of the evidence exists when the greater weight of the credible

7

evidence creates a reasonable belief that the defendant has violated a condition of his or her supervision. *See id.* at 763–64; *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. *See Garrett*, 619 S.W.2d at 174. Proof of a violation of a single term and condition of community supervision is sufficient to support a trial court's decision to adjudicate. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

Analysis

The record shows that a call came in regarding individuals smoking marijuana in a car parked at a fast food restaurant. Officer Ware was dispatched to the identified location where he came in contact with appellant and several friends parked in a car. Ware testified that he smelled the distinctive odor of burnt marijuana as he approached the car. He testified that, after he approached the car and began speaking with appellant, appellant admitted that the men—using the pronoun "we"—were smoking marijuana. Indeed, appellant can be heard making such an admission on the DVD recording of the encounter. Further, appellant pointed Officer Ware's attention to the remnants of the smoked marijuana cigarette that was located on the ground near the driver's side door, appellant's location upon Ware's arrival at the scene. Ware testified that he did see the remnants of a marijuana cigarette at the location to which appellant directed him. Such evidence is sufficient to establish by a preponderance of the evidence that appellant possessed marijuana on February 24, 2014, in violation of the terms and conditions, specifically Condition 1, of his community supervision by

8

committing an offense against the laws of the State of Texas. Proof of the violation of this single condition of community supervision was sufficient to support the trial court's decision to adjudicate appellant guilty. *See Sanchez*, 603 S.W.2d at 871; *Antwine*, 268 S.W.3d at 636. We overrule appellant's contention.

## Conclusion

Having overruled appellant's points of error on appeal, we affirm the trial court's judgment adjudicating appellant guilty of possession of a controlled substance. *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.